**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE SUNRISE SENIOR LIVING, INC.
SECURITIES LITIGATION,

Case No. 07CV00102 (RBW)

This Document Relates To:

ALL ACTIONS.

**MEMORANDUM IN SUPPORT OF SUNRISE SENIOR LIVING, INC.'S
MOTION TO ENFORCE STATUTORY STAY OF DISCOVERY AND
QUASH THIRD-PARTY SUBPOENA ISSUED BY LEAD PLAINTIFFS**

Defendant Sunrise Senior Living, Inc. ("Sunrise") respectfully submits this

memorandum in support of its motion to enforce the statutory stay of discovery that governs this

putative securities class action and to quash the subpoena *duces tecum* that Lead Plaintiffs have

prematurely served on a third-party.

**ARGUMENT**

When Congress enacted the Private Securities Litigation Reform Act in 1995, it

imposed an automatic stay of *all* discovery in securities class actions until after the Court has

determined that the plaintiff's complaint is legally sufficient -- i.e., until after there has been a

ruling denying any motion to dismiss. Specifically, the PSLRA provides that:

> In any private action arising under this chapter, all discovery and
> other proceedings shall be stayed during the pendency of any
> motion to dismiss unless the court finds, upon the motion of any
> party, that particularized discovery is necessary to preserve
> evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). This automatic stay was intended to end the abusive practice where

class actions were filed and discovery was immediately launched in the hope of finding some

supporting evidence to substitute for the guesswork, boilerplate and rhetoric that passed for

allegations in initial, placeholder complaints.  The PSLRA effected a dramatic change in the way federal securities litigation was to be conducted and, 13 years later, everyone plays by these rules -- except (apparently) Lead Plaintiffs in this case.

On July 23, 2007, only days after the Court approved a joint scheduling order under which Sunrise and the other defendants are to file their motion to dismiss the complaint in this action by no later than August 11, Lead Plaintiffs purported to commence discovery by serving a document subpoena on a third party (a former Sunrise officer).  A copy of the subpoena is attached hereto as Exhibit 1.

When Sunrise's counsel contacted Lead Plaintiffs' counsel, pointed out that the PSLRA automatic stay provision barred this early discovery, and asked that the subpoena be withdrawn voluntarily, Lead Plaintiffs' counsel declined to do so, giving three reasons why the statutory stay supposedly is not applicable here.  First, Lead Plaintiffs contended that the stay is triggered only *after* a motion to dismiss has been filed, and because defendants' motions will not be filed until August 11, discovery before that date ought to be permitted.  Second, the automatic stay was said to be applicable only to discovery directed at defendants, and not to discovery from third parties.  Finally, the discovery sought here was said to be outside the intent of the stay provision because it was narrowly drawn and therefore would not impose a great burden on the subpoenaed individual.

As shown below, each of Lead Plaintiffs' purported justifications for their premature initiation of discovery is wrong, the automatic stay is fully applicable now, and the subpoena accordingly should be quashed.  1/

---

1/    When Sunrise's counsel advised plaintiffs' counsel that the instant motion would be filed, plaintiffs' counsel agreed to, and did, notify counsel for the subpoenaed individual that any response to the subpoena could be held in abeyance until after the Court resolves this motion.

**1. The PSLRA's Automatic Stay of Discovery Applies Before, as Well as After, a Motion to Dismiss Is on File.**

There is overwhelming authority supporting the proposition that the PSLRA's automatic stay of discovery is triggered by the plaintiff's filing of a complaint, and need not await the subsequent filing by the defense of a motion to dismiss. As this Court has described the effect of the statutory stay provision, "unless exceptional circumstances are present, discovery in securities actions is permitted *only after* the court has sustained the legal sufficiency of the complaint." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005)(emphasis added).

Moreover, courts that have considered Lead Plaintiffs' proposed interpretation of the stay provision have soundly rejected it, and have held explicitly that the PSLRA's stay of discovery applies when a motion to dismiss has not yet been filed, but is anticipated. This issue was addressed most comprehensively in *In re Carnegie Sec. Litig.*, 107 F. Supp. 2d 676, 681-683 (D. Md. 2000), where the court rejected the argument that the term "pendency" should be read only to include the time after a motion to dismiss was filed but before it was ruled upon. Instead, the court focused on the Congressional purpose behind the stay, which was to ensure that discovery was available in securities class actions "only after the court has sustained the legal sufficiency of the Complaint." *Id*. at 683. The court also observed that Lead Plaintiffs' proposed interpretation would work a particular injustice in cases like the instant one where the motion to dismiss has not been filed on account of the terms of an agreed upon scheduling order. *Id*. at 681 ("Plaintiffs' strict interpretation of the statute would render the stay provision meaningless, especially in situations such as here where the parties have stipulated to a time schedule which expands the time periods provided months beyond those contained in the Federal Rules."); *accord, In re Trump Hotel S'holder Derivative Litig.*, No. 96-07820, 1997 WL 442135

(S.D.N.Y. Aug. 5, 1997) (holding that the stay provision of the PSLRA applied where the defense had represented its intent to file a motion for dismissal, and noting that "although plaintiffs are correct that no dismissal motion has yet been filed, this appears to be solely the result of the schedule to which the parties have agreed.").

Numerous other courts have also held that the PSLRA stay provision bars discovery before a motion to dismiss has actually been filed by the defendants. *See, e.g., Kelleher v. ADVO, Inc,* No. 06-01422, 2007 WL 1232177, at *3 (D. Conn. Apr. 24, 2007) ("The automatic stay provision of the Act is triggered by the mere indication by the defense of its intention to file a motion to dismiss."); *Fisher v. Kanas*, No. 06-01187, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006) (same); *Sedona Corp. v. Ladenburg Thalmann*, No. 03-03120, 2005 WL 2647945, at n.1 (S.D.N.Y. Oct. 14, 2005) ("There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed."); *In re Cardinal Health, Inc. Sec. Litig.*, 365 F. Supp. 2d 866, 870 n.3 (S.D. Ohio 2005) ("[PSLRA] stay applies not only where the motion to dismiss has actually been filed, but where it is anticipated that such a motion will be filed in the future"); *Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 709 (S.D. Tex. 2002) (same).

### 2. The Automatic Stay Applies to Discovery Directed at Third Parties as Well as Defendants.

The scope of the PSLRA automatic stay provision could not be more clear -- it directs that "*all discovery*" is to be stayed, and it makes no distinction between discovery from parties versus non-parties.  Courts therefore have unhesitatingly rejected the argument that Lead Plaintiffs advance here.  The analysis in *In re Carnegie Sec. Litig.* typifies the ease with which courts dispose of this argument:

> There is no distinction between discovery of non-parties and parties. Thus, the Court's inquiry could stop based on the plain language of the statute on this point. Once the stay is triggered, all discovery and proceedings cease.

107 F. Supp. 2d at 679 (internal citations omitted); *see also Fisher v. Kanas,* 2006 WL 2239038, at *2 ("To the extent that this statute prohibits discovery of parties, it bars discovery of non-parties, as well."); *In Re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 446 (M.D.N.C. 2004) ("all discovery is stayed against parties and non-parties alike until the Court has addressed the sufficiency of the complaint"); *In re Royal Ahold NV Sec. and Erisa Litig.,*319, F. Supp. 2d 634, 635 n.2 (D. Md. 2004) ("Third parties are protected by the discovery stay of the PSLRA."); *ATSI Commc'ns v. Shaar Fund*, No. 02-08726, 2003 WL 1877227, at *2 (S.D.N.Y. Apr. 9, 2003) ("the statute precludes discovery, whether from parties or nonparties, until the court sustains the sufficiency of the complaint"); *Powers v. Eichen*, 961 F. Supp. 233, 234 (S.D. Cal. 1997) ("By its language, the Reform Act addresses 'all discovery' without distinction between that sought from nonparties as opposed to parties.").

The PSLRA stay thus prohibits Lead Plaintiffs premature attempt to initiate discovery through their third-party subpoena.

### 3. The "Burden" of Complying with Lead Plaintiffs' Unauthorized Subpoena Is Legally Irrelevant.

The PSLRA provides only two narrow exceptions for lifting the automatic stay of discovery -- to "preserve evidence," or to "prevent undue prejudice" to the party seeking to lift the stay -- and neither is applicable here. 2/ There is no issue in this instance regarding "preservation of evidence," because the documents sought by the Lead Plaintiffs' subpoena are

---

2/    The statute also requires that the party seeking to lift the discovery stay must file a motion demonstrating that one of these exceptions applies. Plaintiffs here did not file such a motion, but instead simply served their subpoena, forcing Sunrise to file the instant motion.

securely held in the files of Akin Gump Straus Hauer & Feld (who are counsel for the subpoenaed individual), and thus there is no danger that the documents would not be available if and when discovery legitimately could be commenced in this case. Neither is there any "prejudice" to Lead Plaintiffs in having to wait until discovery commences before seeking these documents, just like every other litigant in cases governed by the PSLRA. By including the automatic stay provision in the statute, Congress determined that, at least in securities litigation, the mere inability to obtain information sooner rather than later does not equate to prejudice. *See, e.g., 380544 Canada, Inc. v. Aspen Technology, Inc*., No. 07-01204, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) ("the mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice").

Not only are the statutory exceptions inapplicable here, Lead Plaintiffs' final rationale for their attempted circumvention of the automatic stay of discovery -- that the burden of compliance with the subpoena is not great -- is irrelevant:

> Plaintiffs also claim that because Defendants have previously produced much of the requested material to the SEC, Defendants could easily produce the same material to the Plaintiffs. This consideration is irrelevant. There is no exception to the discovery stay for cases in which discovery would not burden the defendant. The proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay.

*In re Smith Barney Transfer Agent Litig*., No. 05-07583, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006); *see also Sarantakis v. Gruttadauria*, No. 02-01609, 2002 WL 1803750, at *4 (N.D. Ill. Aug. 5, 2002) ("The plaintiffs' argument that lifting the stay will not prejudice the defendants is irrelevant and does not relieve the plaintiffs of their burden to establish that they will suffer undue prejudice if the stay is not lifted.").

It makes no difference that the subject of Lead Plaintiffs' "minimal burden" argument in this case is a third party, rather than Sunrise or one of the other defendants. Their argument simply is not recognized as an exception to the statutory stay of discovery.

### 4. In all Events, Plaintiffs Have Not Obtained the Court's Permission or Sunrise's Consent to Take Discovery Before Any Rule 26(f) Conference Has Been Held in This Case.

Finally, absent approval of the Court, or all the parties, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). The discovery conference required under Rule 26(f) has not yet occurred (which is not unusual where, as here, the legal sufficiency of the complaint is contested and not yet resolved). Lead Plaintiffs have not sought, or even acknowledged that they need, the Court's permission to take discovery before the Rule 26(f) conference, and they are fully aware that Sunrise does not consent to it. Accordingly, Rule 26(d) provides yet another reason why Lead Plaintiffs' initiation of discovery at this time is prohibited.

## <u>CONCLUSION</u>

For the foregoing reasons, Sunrise respectfully requests that their motion to enforce the PSLRA automatic stay of discovery be granted, and that Lead Plaintiffs' third-party subpoena accordingly be quashed.

Respectfully submitted,

Dated: August 1, 2008                    **HOGAN & HARTSON, LLP**

_____/s/ Jon M. Talotta_____
George H. Mernick, III (DC Bar 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5726
Facsimile: (202) 637-5910
E-mail: ghmernick@hhlaw.com

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
HOGAN & HARTSON, LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone:  (703) 610-6100
Facsimile:   (703) 610-6200
E-mail: ntconnally@hhlaw.com
E-mail: jmtalotta@hhlaw.com

*Attorneys for Sunrise Senior Living, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed via U.S. Mail, postage prepaid, a copy of the foregoing to:

Steven J. Toll
Daniel S. Sommers
Elizabeth S. Finberg
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
*Liaison Counsel for the Class*

William C. Fredericks
Laura Gundersheim
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas, 38th Fl.
New York, NY 10019
*Co-Lead Counsel for the Class*

Michael J. Pucillo
Jay W. Eng
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
Esperante Building
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
*Co-Lead Counsel for the Class*

Robert D. Klausner
KLAUSNER & KAUFMAN, PA
10059 N.W. 1st Court
Plantation, FL 33324
*Additional Counsel for the City of Miami
General Employees' & Sanitation Employees'
Retirement Trust*

John C. Millian
Matthew R. Estabrook
Elise Kochtitzky-Jacques
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036


       /s/ Jon M. Talotta
Jon M. Talotta
HOGAN & HARTSON, LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
Telephone:   (703) 610-6100
Facsimile:    (703) 610-6200
E-mail: jmtalotta@hhlaw.com

# EXHIBIT  1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

IN RE SUNRISE SENIOR LIVING SECS. LITIG.

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-CV-00102

TO: Bradley B. Rush,
c/o John M. Dowd, Esq.,
Akin Gump Straus Hauer & Feld, LLP, 1222 New Hampshire
Avenue, N.W., Washington, D.C., 20036-1564

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Transcripts of all testimony of Bradley B. Rush in connection with the Securities and Exchange Commission's investigation into Sunrise Senior Living's financial statements and/or accounting relating to matters alleged in the Consolidated and Amended Class Action Complaint of Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and City of Miami General Employees' & Sanitation Employees' Retirement System.

| PLACE    Cohen Milstein Hausfeld & Toll, P.L.L.C., 1100 New York Ave., N.W., West Tower, Suite 500, Washington, D.C. 20005, or otherwise agreed by counsel. | DATE AND TIME 7/30/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiffs | DATE 7/23/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel S. Sommers, Cohen Milstein Hausfeld & Toll, P.L.L.C., 1100 New York Ave., N.W., West Tower, Suite 500, Washington, D.C. 20005, (202) 408-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                              SIGNATURE OF SERVER

                                                _____
                                                   ADDRESS OF SERVER

                                                _____

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE SUNRISE SENIOR LIVING, INC.
SECURITIES LITIGATION,

_____

This Document Relates To:

     ALL ACTIONS.

Case No. 07CV00102 (RBW)

**COMPENDIUM OF UNREPORTED CASES IN SUPPORT OF
MEMORANDUM IN SUPPORT OF SUNRISE SENIOR LIVING, INC.'S
MOTION TO ENFORCE STATUTORY STAY OF DISCOVERY AND
<u>QUASH THIRD-PARTY SUBPOENA ISSUED BY LEAD PLAINTIFFS</u>**

**CASES**                                                                                                     **TAB**

*380544 Canada, Inc. v. Aspen Technology, Inc.*, No. 07-01204, 2007 WL
    2049738 (S.D.N.Y. July 18, 2007) ................................................................................1

*ATSI Commc'ns v. Shaar Fund*, No. 02-08726, 2003 WL 1877227
    (S.D.N.Y. Apr. 9, 2003) ..................................................................................................2

*Fisher v. Kanas*, No. 06-01187, 2006 WL 2239038 (E.D.N.Y. Aug. 4, 2006) ...........................3

*In re Smith Barney Transfer Agent Litig.*,  No. 05-07583, 2006 WL 1738078
    (S.D.N.Y. June 26, 2006).................................................................................................4

*In re Trump Hotel S'holder Derivative Litig.*, No. 96-07820, 1997 WL 442135
    (S.D.N.Y. Aug. 5, 1997) ..................................................................................................5

*Kelleher v. ADVO, Inc,* No. 06-01422, 2007 WL 1232177 (D. Conn. Apr. 24, 2007) ..................6

*Sarantakis v. Gruttadauria*, No. 02-01609, 2002 WL 1803750 (N.D. Ill.
    Aug. 5, 2002) ...................................................................................................................7

*Sedona Corp. v. Ladenburg Thalmann*, No. 03-03120, 2005 WL 2647945
    (S.D.N.Y. Oct. 14, 2005) .................................................................................................8

Respectfully submitted,

Dated: August 1, 2008

**HOGAN & HARTSON, LLP**


_____/s/ Jon M. Talotta_____
George H. Mernick, III (DC Bar 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5726
Facsimile: (202) 637-5910
E-mail: ghmernick@hhlaw.com

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
HOGAN & HARTSON, LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
Telephone:   (703) 610-6100
Facsimile:    (703) 610-6200
E-mail: ntconnally@hhlaw.com
E-mail: jmtalotta@hhlaw.com

*Attorneys for Sunrise Senior Living, Inc.*


John C. Millian (DC Bar #413721)
Matthew R. Estabrook (DC Bar #477880)
Elise Kochtitzky-Jacques (DC Bar #502460)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539
E-mail: jmillian@gibsondunn.com
E-mail: mestabrook@gibsondunn.com
E-mail: ekochtitzkyJacques@gibsondunn.com

*Attorneys for Paul J. Klaassen, Teresa M. Klaassen,
Thomas B. Newell, Tiffany L. Tomasso, Larry E.
Hulse, Carl G. Adams, J. Barron Anschutz, and
Kenneth J. Abod*

3

# TAB  1

Slip Copy                                                                 Page 1
Slip Copy, 2007 WL 2049738 (S.D.N.Y.)
**2007 WL 2049738 (S.D.N.Y.)**

H

380544 Canada, Inc. v. Aspen Technology, Inc.
S.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
380544 CANADA, INC., Wayne Sim, and Sal-
vatore Clave, Plaintiffs,
v.
ASPEN TECHNOLOGY, INC., Lawrence Evans,
David McQullin, and Lisa Zappala, Defendants.
**No. 07 Civ. 1204(JFK).**

July 18, 2007.

### OPINION & ORDER

JOHN F. KEENAN, United States District Judge.

### BACKGROUND

**\*1** This securities action relates to alleged fraudu-
lent misstatements made by the defendants regard-
ing the revenues of Defendant Aspen Technologies
("Aspen"). Plaintiffs 380544 Canada, Inc., Wayne
Sim, and Salvatore Clave (collectively, the
"Plaintiffs") claim that, as a result of the defend-
ants' false portrayal of Aspen's financial health in
both public statements and private correspondence
with the plaintiffs, Plaintiffs were induced to enter
into a Securities Purchase Agreement, under which
they bought approximately $6.6 million of Aspen's
stock. When the defendants' fraud was exposed, As-
pen's stock price plummeted, resulting in Plaintiffs'
financial losses. The individual defendants Evans,
McQuillin, and Zappala (collectively, the
"Individual Defendants") are former executives of
Aspen. This action commenced on February 15,
2007. One month earlier, in January 2007, the Se-
curities Exchange Commission ("SEC") brought a
civil enforcement suit for securities fraud against
the Individual Defendants, in the District of Mas-
sachusetts. The SEC's suit remains pending. Also in
January 2007, the Office of the United States Attor-
ney for the Southern District of New York

("USAO") filed criminal securities fraud charges
against Defendant McQuillin. McQuillin pleaded
guilty to the charges in March 2007.

Pursuant to the Private Securities Litigation Reform
Act of 1995 ("PSLRA"), discovery in this action
was stayed by the filing of the Individual Defend-
ants' pre-answer motions to dismiss Plaintiffs' Com-
plaint. Plaintiffs have moved to lift the stay to ob-
tain particularized discovery of "documents previ-
ously produced by [the defendants] to regulators in-
cluding" the SEC and the USAO. (Plaintiffs' Letter
of May 25, 2007 ("Pl.Mem.") at 1.) At the Court's
direction, the parties submitted contemporaneous
letters setting forth their respective positions. For
the following reasons, Plaintiffs' motion is denied.

### DISCUSSION

The PSLRA states in relevant part that "all discov-
ery and other proceedings shall be stayed during the
pendency of any motion to dismiss, unless the court
finds upon the motion of any party that particular-
ized discovery is necessary to preserve evidence or
to prevent undue prejudice to that party."15 U.S.C.
§ 78u-4(b)(3) (B). The evidence preservation ex-
ception is not applicable here. Thus, the question
before the Court is whether Plaintiffs will suffer
"undue prejudice" if discovery is stayed until the
outcome of the Individual Defendants' motions to
dismiss.

"Our Court of Appeals has not provided guidance
on what constitutes 'undue prejudice' in the context
of a PSLRA discovery stay."*In re Refco, Inc. Sec.
Litig.,* No. 05 Civ. 8626(GEL), 2006 U.S. Dist.
LEXIS 55639, at *3 (S.D.N.Y. Aug. 8, 2006). The
Southern District has defined " '[u]ndue prejudice'
in the context of a discovery stay [to] mean[ ] im-
proper or unfair treatment amounting to something
less than irreparable harm."*In re Smith Barney
Transfer Agent Litig.,* No. 05 Civ. 7583(WHP),
2006 U.S. Dist. LEXIS 42646, at *6 (S.D.N.Y. June

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 2049738 (S.D.N.Y.)

**2007 WL 2049738 (S.D.N.Y.)**

26, 2006) (citations omitted).

**\*2** Plaintiffs advance two arguments for lifting the stay. First, Plaintiffs argue that the stay should be lifted because to do so would not frustrate the goals of the PSLRA and would impose only a *de minimis* burden on the defendants. Second, Plaintiffs contend that lifting the stay is necessary to prevent undue prejudice to the plaintiffs. Neither argument has merit.

Plaintiffs correctly observe that Congress' two-fold purpose in enacting the PSLRA's stay provision was "to prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement," and "to prevent plaintiffs from filing securities fraud lawsuits as a vehicle in order to conduct discovery in the hopes of finding a sustainable claims not alleged in the complaint."*In re LaBranche Sec. Litig.,* 333 F.Supp.2d 178, 181 (S.D.N.Y.2004) (internal quotation marks and citations omitted). Here, Plaintiffs argue, neither goal would be frustrated by the lifting of the stay, because "Plaintiffs are not on a 'fishing expedition' to locate sustainable claims or to coerce Defendants to settle."(Pl. Mem. at 2.) Plaintiffs also point out that, because discovery is limited to documents that already have been produced to the SEC and USAO, the burden of production on the defendants is minimal. Plaintiffs conclude that, where the "goals of the PSLRA are not frustrated and the discovery request is limited to documents already produced to regulators, Courts generally allow the discovery."(*Id.*)

Although courts have considered the goals of the PSLRA and the burden of production on defendants in determining whether to lift stays of discovery, the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay and the documents at issue already have been provided to the SEC and USAO is not sufficient to warrant lifting the stay. According to express statutory language, the PSLRA's discovery stay may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice. *See* 15 U.S.C.

§ 78u-4(b)(3)(B). Counter to Plaintiffs' contention, even where the goals of the PSLRA are not frustrated and a plaintiff's discovery request is limited to documents already produced to government regulators, courts have refused to lift the discovery stay if the narrow statutory exceptions of evidence preservation or undue prejudice have not been met. *See, e.g., In re Vivendi Universal S.A. Sec. Litig.,* 381 F.Supp.2d 129, 129 (S.D.N.Y.2003) (denying motion to lift PSLRA stay where documents at issue were "already produced by defendants to the United States Department of Justice, Securities and Exchange Commission," and other regulatory agencies "in connection with civil and criminal investigations for misconduct by defendants"); *Rampersad v. Deutsche Bank Sec. Inc.,* 381 F.Supp.2d 131, 133 (S.D.N.Y.2003) (denying motion to lift the PSLRA stay with respect to documents provided to the government and rejecting plaintiffs' contention that "the PSLRA stay of discovery does not apply when the information sought has already been provided to a government agency"); *In re AOL Time Warner Sec. & "ERISA" Litig.,* No. 02 Civ. 5575(SWK), 2003 U.S. Dist. LEXIS 12846, at \*6 (S.D.N.Y. July 21, 2003) (denying lift of stay after finding that "Lead Plaintiff has not demonstrated that exceptional circumstances are present in this case requiring production of documents previously produced to various government agencies"). The one case from this Circuit cited by Plaintiff to support its contention that courts "generally" allow discovery to proceed where the PSLRA's goals are not frustrated and documents have already been provided to governmental authorities, *In re Branche,* 333 F.Supp.2d at 178, does not carve out an additional exception to the PSLRA discovery stay requirement. In *Branche,* the court lifted the stay only after first determining that the plaintiffs would be unduly prejudiced from not having access to discovery, where the defendants had already settled with regulatory authorities and plaintiffs were in danger of being the only interested party without access to the documents at issue. 333 F.Supp.2d at 183. Although the court noted that the PSLRA's goals would not be frustrated by a lifting of the stay and

that the burden of production on the defendants would be minimal, the court lifted the stay only after finding that the plaintiffs would suffer undue prejudice. *Id.*

**\*3** In this case, the stay of discovery will not result in undue prejudice to Plaintiffs. Plaintiffs insist that lifting the stay is necessary to prevent undue prejudice because discovery already has been produced to the USAO, in connection with its prosecution of McQuillin, and to the SEC, in connection with its pending suit against the Individual Defendants. Therefore, Plaintiffs contend, they "are at a disadvantage because they are the only interested party to whom the PSLRA applies."(Pl. Mem. at 3.) The discovery at issue, Plaintiffs assert, "will help [them] evaluate the strength of their case, as well as their settlement prospects."(Pl. Mem. at 3.) Plaintiffs cite *In re WorldCom, Inc. Sec. Litig .,* 234 F.Supp.2d 301 (S.D.N.Y.2002), for the proposition that the discovery stay is unduly prejudicial because it would cause Plaintiffs to be unable "to make informed decisions about [their] litigation strategy in a rapidly shifting landscape.'" (Pl. Mem. at 2, quoting *In re WorldCom,* 234 F.Supp.2d at 305) (alterations in Pl. Mem.). Plaintiffs assert that the "concerns raised by the *WorldCom* court are present here."(Pl. Mem. at 3 .)

Plaintiffs' reliance on *WorldCom* is misplaced. In that case, Judge Cote lifted the PSLRA discovery stay because of undue prejudice arising from the "unique circumstances" of that case. *In re World-Com,* 234 F.Supp.2d at 305. Specifically, in *World-Com,* the PSLRA plaintiffs had been ordered by the court to participate with the insolvent defendant in coordinated settlement discussions, along with plaintiffs in a related ERISA litigation. The ERISA plaintiffs, unhampered by the requirements of the PSLRA, were in the process of obtaining discovery. The court found that without access to the documents available to the ERISA plaintiffs, the PSLRA plaintiffs would have been at a disadvantage in competing with the ERISA litigants for the limited pool of the bankrupt defendants' assets. *Id.* at

306.Because the PSLRA plaintiffs were competing with the ERISA plaintiffs to recover from an insolvent defendant, the court observed that imposing a stay of discovery would result in the "very real risk" that the *WorldCom* plaintiffs would "be left to pursue its action against defendants who no longer have anything or at least as much to offer."*Id.*

The "unique circumstances" that were present in *WorldCom* do not exist here. The plaintiffs in this case are not poised to participate in Court-ordered settlement discussions alongside non-PSLRA plaintiffs. Plaintiffs have not claimed that settlement discussions, between the defendants and Plaintiffs or between the defendants and non-PSLRA plaintiffs, are underway or even imminent. "Mere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the stay is necessary ... to prevent undue prejudice that would otherwise result."*In re Refco,* 2006 U.S. Dist. LEXIS 55639, at \*10 (internal quotation marks and citation omitted); *see also In re AOL Time Warner,* 2003 U.S. Dist. LEXIS 12846, at \*6 (refusing to lift stay, despite plaintiffs' assertion that "settlement discussions between various Defendants and the government are currently ongoing," because plaintiffs' assertion, "in contrast to *In re Worldcom* ... where court-ordered settlement discussions had been scheduled and defendant had filed for bankruptcy, ... [is] premature"). Thus, the mere possibility that Plaintiffs could be prejudiced if settlement talks ensue in the future between the Individual Defendants and the SEC is not enough for the Court to find that Plaintiffs will suffer undue prejudice as a result of the discovery stay.

**\*4** In addition, in this case, unlike *WorldCom,* there is no indication that the discovery stay will hinder Plaintiffs from competing with non-PSLRA plaintiffs for the limited assets of insolvent defendants. Plaintiffs have not claimed that the corporate defendant, Aspen, or the Individual Defendants are on the verge of insolvency. *See In re Smith Barney,* 2006 U.S. Dist. LEXIS 42646, at \*6 (finding that exceptional circumstances necessary to lift the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

PSLRA stay did not exist, in part because "Plaintiffs offer no evidence that Defendants lack the resources needed to reach a settlement or to satisfy a judgment"). Moreover, the pending actions by the SEC and USAO pose no threat to Plaintiffs' potential to recover from Aspen, simply because the actions brought by the SEC and the USAO involve only the Individual Defendants. Thus, the exceptional circumstance that arises when a PSLRA plaintiff must seek recovery from a bankrupt defendant is not present in this case. *See In re Vivendi,* 381 F.Supp.2d at 130-131 (refusing to lift stay after finding "no evidence that plaintiffs face the same prospect, as in *Worldcom...* that they would be left without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition").

Here, the mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice. *See In re Refco, Inc. Sec. Litig.,* 2006 U.S. Dist. LEXIS 55639, at *6. This is because the delay that Plaintiffs will experience " 'is an inherent part of every stay of discovery required by the PSLRA.' " *In re Smith Barney,* 2006 U.S. Dist. LEXIS 42646, at *5 (quoting *In re Initial Pub. Offering Litig.,* 236 F.Supp.2d 286, 287 (S.D.N.Y.2002)).

Similarly, the fact that the SEC and USAO, as parties not bound by the PSLRA, now have access to the documents that Plaintiffs will not be able to obtain until the pending motions to dismiss are decided does not rise to the level of undue prejudice. As noted above, the mere fact that the discovery at issue has been provided to non-PSLRA governmental plaintiffs does not alone constitute undue prejudice within the meaning of the PSLRA's stay provision. *See In re Vivendi Universal S.A. Sec. Litig.,* 381 F.Supp.2d at 129. As Judged Lynch explained in *In re Refco,*

Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congrss, and one that Congrss has answered. Under the PSLRA, discovery in this action has been stayed. That stay does not apply to government investigations, bankruptcy proceedings, internal investigations, or non-PSLRA actions. The discrepancy between PSLRA actions and other actions is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions. This Court may not second-guss that judgment.

**\*5** 2006 U.S. Dist. LXIS 55639, at *6-7.

Here, too, the Court refuses to second-guess Congrss. The mere fact that the SEC and USAO have access to the documents that Plaintiffs seek to obtain does not constitute undue prejudice within the meaning of the PSLRA.

### CONCLUSION

Because Plaintiffs have failed to show that the stay of discovery in this case will cause them to suffer undue prejudice, Plaintiffs' motion to lift the stay is DENIED. Discovery will remain stayed as to all parties, pursuant to the PSLRA, until the Individual Defendants' motions to dismiss are decided.

**SO ORDERED.**

S.D.N.Y.,2007.
380544 Canada, Inc. v. Aspen Technology, Inc.
Slip Copy, 2007 WL 2049738 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB 2

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1
Not Reported in F.Supp.2d, 2003 WL 1877227 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,520
**2003 WL 1877227 (S.D.N.Y.)**

**H**

ATSI Communications, Inc. v. The Shaar Fund, Ltd.
S.D.N.Y.,2003.

United States District Court,S.D. New York.
ATSI COMMUNICATIONS, INC., Plaintiff,
v.
THE SHAAR FUND, LTD., et al., Defendants.
**No. 02 Civ. 8726(LAK).**

April 9, 2003.

Corporation brought action against brokers alleging violation of federal securities laws. On defendants' motion for order requiring plaintiff and its counsel to disclose discovery obtained by plaintiff without notice to defendants and allegedly in violation of automatic stay of disclosure contained in Private Securities Litigation Reform Act (PSLRA), and to enjoin plaintiff and its counsel against further discovery violations, the District Court, Kaplan, J., held that plaintiff and its counsel were required to make complete disclosure to defendants.

Motion granted.

West Headnotes

**Federal Civil Procedure 170A ⚖1264**

170A Federal Civil Procedure
   170AX Depositions and Discovery
   170AX(A) In General
      170Ak1264 k. Actions in Which Remedy
Is Available. Most Cited Cases

**Witnesses 410 ⚖16**

410 Witnesses
   410I In General
      410k16 k. Subpoena Duces Tecum. Most
Cited Cases
Plaintiff and its counsel were required to make complete disclosure to defendants, in lawsuit sub-

ject to Private Securities Litigation Reform Act (PSLRA), of all materials obtained by them through service of subpoenas and discovery requests in other cases that related in any way to any allegations in instant case, although discovery was arguably permissible, since defendants were not notified of subpoenas, and review of original complaint revealed sufficient doubt as to its ability to withstand attack under relevant provisions of PSLRA. Fed.Rules Civ.Proc.Rule 9(b), 45(b)(1), 28 U.S.C.A.

ORDER

KAPLAN, J.

*1 Three defendants in this securities fraud action seek an order requiring plaintiff and its counsel to disclose discovery obtained by plaintiff without notice to defendants and allegedly in violation of the automatic stay of disclosure contained in the Private Securities Litigation Reform Act of 1995 ("PSLRA") and to enjoin plaintiff and its counsel against further discovery violations.

*Facts*

*The Internet Law Library Case*

Background concerning another case before this Court is necessary to put defendants' motion in context.

Internet Law Library, Inc., and others, all represented by a group of attorneys including Gary M. Jewell of Houston, Texas, commenced a securities fraud action in the Southern District of Texas against Southbridge Capital Management LLC and others (the "ILL Case"). The ILL Case was transferred to this Court by order dated July 20, 2001.FN1The essence of the action is a claim that the defendants in the ILL action engaged in a scheme to defraud plaintiffs and to manipulate ILL's stock downward.FN2At some point, Maryann

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 1877227 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,520
**2003 WL 1877227 (S.D.N.Y.)**

Peronti, Esq., a member of the Bar of this Court, appeared on behalf of the plaintiffs in the ILL Case along with Mr. Jewell.

> FN1.*Internet Law Library, Inc. v. Southbridge Capital Mgmt. LLC,* 01 Civ. 6600(RLC).

> FN2.*Id.,* 223 F.Supp.2d 474, 477-78 (S.D.N.Y.2002).

*The Commencement of this Action*

On October 31, 2002, ATSI Communications, Inc. ("ATSI"), also represented by Ms. Peronti and, at least at some later point, by Mr. Jewell brought this action against The Shaar Fund, Ltd. ("Shaar") and other defendants. The gravamen of the original complaint was an alleged scheme by defendants to defraud ATSI into selling multiple series of convertible preferred stock and to manipulate the price of its stock downward in order to take advantage of increased conversion rates resulting from the price decline.[FN3] Significantly, no party to this case is a party to the ILL Case and *vice versa.*

> FN3. Cpt. ¶ 28.

On December 13, 2002, the Court issued an order (1) setting a scheduling conference for February 3, 2003 absent prior agreement by the parties on an acceptable schedule, and (2) directing plaintiffs' counsel to send a copy of the order to the defendants' counsel or, if no appearance had been filed, to the defendants themselves. On February 3, 2003, Ms. Peronti appeared and advised the Court that plaintiffs had not served any defendants. Another conference was set for February 24, 2003.

*The Disputed Subpoenas*

Promptly after the February 3 conference, plaintiffs' counsel issued subpoenas to the National Association of Securities Dealers ("NASD") and the National Securities Clearinghouse Corporation ("NSCC") under the ILL Case caption. Both sub-

poenas seek exclusively documents relating to trading and market making in securities of ATSI.[FN4] Defendants in this case were not notified of the service of those subpoenas.

> FN4. Sperling Decl. ¶¶ 4-5 & Exs. 1, 2.

On February 21, 2003, counsel for one of the individual defendants in this case learned of the NASD and NSCC subpoenas. At the conference on February 24, 2003, which was attended by counsel for defendants as well as Ms. Peronti, Ms. Peronti first indicated that she intended to amend the complaint. The Court gave her until March 17 to do so and deferred defendants' time to move until after service of the amended pleading.[FN5] Defendants advised the Court of the issuance of the subpoenas in the ILL Case. Ms. Peronti responded that they had been issued with the permission of Judge Carter, to whom the ILL Case is assigned. When the Court inquired as to whether Ms. Peronti had advised Judge Carter that she planned to use the subpoenaed information in this case, in which discovery was stayed as a matter of law by the PSLRA, she admitted that she had not done so.[FN6]

> FN5.*Id.* ¶ 9.

> FN6.*Id.* ¶¶ 9-10.

> > It might be noted also that Ms. Peronti failed to disclose that Judge Carter's order, upon which plaintiff evidently relies, states in part as follows:

> > "There is no need for citing in the scheduling order the constraints under which the parties are in the use of data gained in discovery. There is no need for a protective order relative to that issue. While the court may not have specifically placed limitations on use of such testimony, it was made clear that it was not to be used while this case is pending before me to locate new clients or to initiate new litigation. It could be used,

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2003 WL 1877227 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,520

**2003 WL 1877227 (S.D.N.Y.)**

however, in this case to locate additional witnesses or even to join new parties on a showing of good cause. Moreover, the use of such information in pending cases before other judges will be based on the judges' decisions in those cases. The plaintiff's response to defendants' observations does leave room for doubt that the above was clearly understood."Sperling Decl. Ex. 16.

Thus, to whatever extent Judge Carter approved the issuance of subpoenas for trading records, his contemplation was that such subpoenas were to be used to gather evidence exclusively for use in the case before him.

**\*2** Defendants then sought plaintiff's voluntary withdrawal of the subpoenas. When that was not forthcoming, they moved to intervene in the ILL Case and to quash them. Judge Stein, sitting in Part I, promptly stayed the subpoenas.[FN7] The motion remains *sub judice*.

FN7.*Id.* ¶¶ 15-17 & Ex. 8.

*Discussion*

Two things are reasonably plain.

*First,* the PSLRA provides in relevant part:

"In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."[FN8]

FN8.15 U.S.C. § 78u-4(b)(3)(B).

In view of Congress' manifest intention to protect defendants in actions such as this from the burden and expense of premature discovery, the statute

precludes discovery, whether from parties or non-parties, until the court sustains the sufficiency of the complaint.[FN9] As this action arises under the relevant chapter of the securities laws, the subpoenas, if and to the extent they properly are regarded as seeking discovery in this action, were issued and served in violation of law.

FN9.*E.g., In re Advanta Corp. Secs. Litig.,* 180 F.3d 525, 530-31 (3d Cir.1999); *Vacold LLC v. Cerami,* No. 00 Civ. 4024(AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb.16, 2001); *Faulkner v. Verizon Communications, Inc.,* 156 F.Supp.2d 384, 402-04 (S.D.N.Y.2001); *In re Carnegie Int'l Corp. Secs. Litig.,* 107 F.Supp.2d 676, 684 (D.Md.2000); *Novak v. Kasaks,* No. 96 Civ. 3073(AGS), 1996 WL 467534, at *1 (S.D.N.Y. Aug.16, 1996).

*Second,*Federal Rule of Civil Procedure 45(b)(1) provides in relevant part that "[p]rior notice of any commanded production of documents and things ... before trial shall be served on each party in the manner prescribed by Rule 5(b)."[FN10] As defendants were not notified of the subpoenas, their issuance and service violated Rule 45(b)(1) if and to the extent they properly are regarded as seeking discovery in this action.

FN10.FED. R. CIV. P. 45(b)(1).

Plaintiff contends that the subpoenas were issued in the ILL Case and, in consequence, that neither it nor its counsel violated either the PSLRA or Rule 45(b)(1). As a matter of form, of course, it is correct. The Federal Rules of Civil Procedure, however, must be "construed and administered to secure the *just,* speedy, and inexpensive determination of every action."[FN11] In consequence, the Court must concern itself with substance as well as form.

FN11.FED. R. CIV. P. 1 (emphasis added).

Plaintiff's counsel defend their actions by contend-

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 1877227 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,520
**2003 WL 1877227 (S.D.N.Y.)**

ing that the object of the subpoenas was to obtain trading data "to demonstrate patterns of manipulative trading activity by the [ILL Case] defendants" and their affiliates.FN12 They go on to say that their investigations in that action suggest that there are "factual alliances" between some of the defendants in the two cases, thus allegedly making trading in ATSI securities by defendants in this case relevant to the "pattern and practice" allegations in the ILL Case.FN13

FN12. Peroni Decl. ¶ 4.

FN13.*Id.* ¶ 5.

Perhaps. Certainly Judge Carter's opinion in the ILL Case indicates that the plaintiffs there contend that the defendants "are seasoned practitioners of 'death spiral' funding schemes in which they provide financing to a target company and proceed to aggressively short-sell its stock in the hope that such short sales will drive down its price ... [and] enable[ ] the defendants to obtain more shares of common stock upon conversion by virtue of an arrangement known as a 'toxic convertible' that allows the company's preferred stock to be converted at a discount to the present market value of the common stock issuable upon conversion."FN14 Evidence that the defendants in the ILL Case or their affiliates engaged in a similar pattern of activity with respect to other companies conceivably might be admissible.FN15

FN14.*Internet Law Library, Inc.,* 223 F.Supp.2d at 479;*see generally Gurary v. Winehouse,* 190 F.3d 37, 41 (2d Cir.1999).

FN15.*See*FED.R.EVID. 404(b).

**\*3** On the other hand, there are circumstances suggestive of a motive less benign than plaintiff's counsel claims. The fact that the NASD and NSCC subpoenas seek documents only with regard to trading in ATSI is suspicious, as it tends to undercut the notion that the subpoenas were intended to gain evidence of repeated use of "death spiral" schemes

by the ILL Case defendants in connection with a number of different companies. Suspicious too is the long delay in serving the summons in this case, which might have been intended to facilitate an end-run around the PSLRA and Rule 45(b)(1). Finally, a review of the original complaint reveals sufficient doubt as to its ability to withstand attack under Rule 9(b) and the relevant provisions of the PSLRA FN16 as to indicate that plaintiff's counsel may have been motivated, at least in part, by a desire to seek discovery for the purpose of attempting to file an amended complaint.

FN16.15 U.S.C. § 78u-4(b).

In the last analysis, it is unnecessary for me, in deciding this application, to resolve the question whether plaintiff's counsel were using the ILL Case as a vehicle to conduct discovery for use in this action. As Mr. Justice Brandeis once said, "Sunshine is the best disinfectant." In view of the possibility that defendants' rights were violated, plaintiff and their counsel shall be required to disclose the entirety of what they have done, a disclosure to which they have no legitimate objection. This in all likelihood will remedy any violation that may have occurred. And plaintiff and its counsel will be foreclosed from conducting any further discovery with respect to defendants or trading or market making in the securities of ATSI except on notice to the defendants in this case. The question whether they will be permitted to use anything they have obtained by discovery nominally conducted in the ILL Case but arguably for use in this case will be decided for the ILL Case by Judge Carter and by the undersigned at such time as they seek to use such materials here.

*Conclusion*

Defendants' motion for an order requiring plaintiff's counsel to disclose certain discovery and for other relief is granted to the following, and only the following, extent:

Not Reported in F.Supp.2d, 2003 WL 1877227 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,520
**2003 WL 1877227 (S.D.N.Y.)**

1. Plaintiff and its counsel shall make complete disclosure to defendants, on or before April 16, 2003, of all materials obtained by them through the service of subpoenas and discovery requests in cases other than this one that relate in any way to any of the allegations in this case or to trading in the securities of ATSI. Such disclosure shall include copies of all subpoenas and discovery requests and all correspondence relating thereto, as well as copies of all materials produced pursuant thereto, including transcripts of depositions.

2. Plaintiff and its counsel shall not conduct any discovery, whether in this or any other action, relating to defendants named in this action or to trading or market making in the securities of ATSI except on prior notice to those defendants.

**\*4** SO ORDERED.

S.D.N.Y.,2003.
ATSI Communications, Inc. v. The Shaar Fund, Ltd.
Not Reported in F.Supp.2d, 2003 WL 1877227 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,520

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB  3

Not Reported in F.Supp.2d                                                    Page 1

Not Reported in F.Supp.2d, 2006 WL 2239038 (E.D.N.Y.), Fed. Sec. L. Rep. P 93,944

**2006 WL 2239038 (E.D.N.Y.)**

H

Fisher v. Kanas
E.D.N.Y.,2006.

United States District Court,.D. New York.
Carol FISHER, Plaintiff
v.
John A. KANAS, John Bohlsen, Daniel T. Healy,
and North Fork Bancorporation, Inc., Defendants.
**No. 06-CV-1187 (ADS)(ETB).**

Aug. 4, 2006.

Daniella Quitt, Joel Carl Feffer, Wechsler Harwood
LLP, New York, NY, for Plaintiff.
William Savitt, Adam Gogolak, Wachtell, Lipton,
Rosen & Katz, New York, NY, for Defendants.

*MEMORANDUM OPINION AND ORDER*

E. THOMAS BOYLE, Magistrate Judge.

**\*1** The plaintiff, Carol Fisher, commenced this se-
curities fraud action on March 15, 2006. Presently
before the Court is plaintiff's motion seeking leave
to commence limited discovery of documents pur-
suant to the undue burden exception of the Private
Securities Litigation Reform Act of 1995
("PSLRA"), which amended the Securities Ex-
change Act of 1934 ("the Exchange Act"). For the
reasons explained herein, plaintiff's motion is
denied.

*BACKGROUND*

Plaintiff commenced this action against North Fork
Bancorporation ("North Fork") and individual ex-
ecutives of that company on March 15, 2006, al-
leging that the defendants purposefully misrepres-
ented the company's executive compensation
policies to their stockholders during the years of
2003, 2004, and 2005, in violation of Section 14(a)
of the Exchange Act. (Pl.'s Amend. Com pl. ¶¶
20-21, 31-34 .) In particular, plaintiff alleges that
the defendants made false and misleading state-

ments about their individual change-in-control
agreements. (*Id.* ¶¶ 2, 20-21.)The actual cost of the
defendants' collective change-in-control executive
compensation was not revealed until North Fork an-
nounced on March 15, 2006 that Capital One had
proposed to acquire North Fork. (*Id.* ¶ 3.) At that
time, the stockholders learned that North Fork
would pay company executives approximately $288
million collectively under the change-in-control
agreements made with the defendants. (*Id.* ¶ 23.)In
addition, one of the terms of the agreement was that
North Fork would pay for the defendants' entire in-
come taxes on the benefits received from the com-
pensation. (*Id.* ¶ 24.)Plaintiff claims that the exec-
utives made false statements to prevent stockhold-
ers from learning the actual terms and disciplining
the defendants for negotiating excessive executive
compensation packages. (Plaintiff's Mem. in Supp.
of her Mot. to Partially Lift the Automatic Stay
("Pl.'s Mem. in Supp.") at 4-5.) In addition to the
alleged violation of Section 14(a) of the Exchange
Act, plaintiff also claims that the individually
named defendants violated Section 20(a) of the Ex-
change Act because they were in positions of con-
trol at the time the compensation packages were
created but failed to stop, and even fostered, the
wrongful conduct on the part of North Fork. (Pl.'s
Amend. Compl. ¶¶ 36-38.) Further, plaintiff claims
that the individual defendants breached their com-
mon law fiduciary duty to the stockholders of North
Fork. (*Id.* ¶¶ 40-41.)

Plaintiff is seeking: (1) an injunction of the the pay-
ment of the executive compensation packages; (2) a
declaration that the tax gross-up provision is null
and void; (3) costs and attorney's fees; and (4) other
and further relief as may be proper. (*Id.* at 12.)

Plaintiff states that the acquisition of North Fork by
Capital One could be completed as early as October
2006. (Pl.'s Mem. in Supp. at 2.) On March 20,
2006, I scheduled a conference in this case pursuant
to Fed.R.Civ.P. 26(f) for July 20, 2006. (*Id.*)
Shortly thereafter, the plaintiff attempted to obtain

Not Reported in F.Supp.2d                                                                                Page 2
Not Reported in F.Supp.2d, 2006 WL 2239038 (E.D.N.Y.), Fed. Sec. L. Rep. P 93,944
**2006 WL 2239038 (E.D.N.Y.)**

consensual, limited discovery from the defendants. (*Id.*) On June 13, 2006, Fisher moved to partially lift the automatic stay triggered by the motion to dismiss pursuant to the Exchange Act (Pl.'s Notice of Mot. at 1.) Fisher specifically seeks:

**\*2** "all documents concerning North Fork's executive compensation including, without limiting the generality of the foregoing (a) drafts of the executive compensation portions of the 2003, 2004, and 2005 North Fork proxy statements, (b) reports by consultants or others, (c) relevant portions of minutes of board or other committee meetings, and (d) all other communications concerning executive compensation."

(Pl.'s Mem. in Supp. at 2-3.)

### DISCUSSION

The Securities Exchange Act of 1934, as amended in the Private Securities Litigation Reform Act, provides that:

"In any private action arising under this title [15 USCS §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."

15 U.S.C. § 78u-4(b)(3)(B). This provision establishes "a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims."*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 32 (2d Cir.2005)* (additional citations omitted). Courts "have held [that] the automatic stay provision of the [PSLRA] is triggered by the mere indication by defense of its intention to file a motion to dismiss."*In re Carnegie Int'l Corp. Sec. Litig., 107 F.Supp.2d 676, 683 (D.Md.2000).* As a result, "no discovery should take place until a court has affirmatively decided that a complaint does state a claim...."*Podany v. Robertson Stephens, Inc., 350 F.Supp.2d 375, 378*

(S.D.N.Y.2004) (citation omitted). To the extent that this statute prohibits discovery of parties, it bars discovery of non-parties as well. *In re Cree, Inc. Sec. Litig., 220 F.R.D. 443, 446 (M.D.N.C.2004)* ( "[I]n securities fraud lawsuits governed by the PSLRA, all discovery is stayed against parties and non-parties alike until the court has addressed the sufficiency of the complaint."). With regard to the particularized discovery exceptions, "a discovery request is particularized" when "it is directed at specific persons," and "it identifies specific types of evidence that fall within its scope."*In re Tyco Int'l, Ltd. Sec. Litig.,* No. 00 Civ. 1335, 2000 U.S. Dist. LEXIS 11659, at \*12 (D.N.H. July 27, 2000).

The PSLRA provides for limited discovery in the event that it "is necessary to ... prevent undue prejudice" to a party. 15 U .S.C. § 78u-4(b)(3)(B). District courts have defined undue prejudice as "improper or unfair treatment amounting to something less than irreparable harm."In re *Vivendi Sec. Litig., 381 F.Supp.2d 129, 130.* "Courts ... have partially lifted the discovery stay on the ground of 'undue prejudice' when defendants would be unfairly shielded from liability through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding."*Id.* (citing *In re Worldcom, Inc. Sec. Litig., 234 F.Supp.2d 301, 306 (S.D.N.Y.2002))* (additional citations omitted). In the *Worldcom* case, the court partially lifted the stay to avoid prejudice to the plaintiffs, who were competing with other related actions and forced to engage in global settlement discussions for the limited Worldcom funds available after its collapse. *In re Worldcom,* 234 F.Supp. at 305-06.

**\*3** The Second Circuit has yet to define "undue prejudice" in this context.*Faulkner v. Verizon Communications, Inc., 156 F.Supp.2d 384, 402 (S.D.N.Y.2001).* The Southern District of New York has applied the definition set forth in the

Not Reported in F.Supp.2d, 2006 WL 2239038 (E.D.N.Y.), Fed. Sec. L. Rep. P 93,944
**2006 WL 2239038 (E.D.N.Y.)**

Southern District of California, which is " 'improper or unfair treatment' rising to a level somewhat 'less than irreparable harm.' " *Id.* (citing *Vacold LLC v. Cerami,* No. 00 Civ. 4024, 2001 WL 167704, at *6 (S .D.N.Y. Feb. 16, 2001)) (additional citations omitted); *see also In re Vivendi Sec. Litig.,* 381 F.Supp.2d at 129 (applying the *Med. Imaging* standard). In *Med. Imaging,* the court held that having only a short time frame to obtain discovery prior to a stockholders' vote that will change a company's board of directors does not constitute an undue prejudice. *Med. Imaging,* 917 F.Supp. at 719, 722. It has also been held that delay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a PSLRA case. *In re Initial Public Offering Sec. Litig.,* 236 F.Supp.2d 286, 287 (S.D.N.Y.2002). Stays of discovery can be lifted if leaving the stay in place would prevent the plaintiff from obtaining relief in any form. *Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* No 99 CIV 342, 1999 WL 223158, at * 1 (S.D.N.Y. April 16, 1999).

In this case, Fisher seeks declaratory relief that would render the tax gross-up provision void. *Med. Imaging,* 917 F.Supp. at 720 (holding that an imminent vote on a company's board of directors would not cause irreparable harm to the plaintiffs because there were forms of relief available following the vote). If that were to occur, the taxes paid by North Fork would be recoverable as money damages, along with any other payments found improper. *See Ocilla Industries, Inc. V. Katz,* 677 F.Supp. 1291, 1299 (E.D.N.Y.1987) (denying a preliminary injunction because money that was improperly disbursed due to employment agreements would be recoverable in damages). Thus, if North Fork paid out the current executive compensation packages prior to a final judgment, and if Fisher ultimately prevailed in the declaratory relief sought, she would not suffer undue prejudice since there would be no irreparable harm.. *Id.*(holding that failure to meet the irreparable harm standard defeats a request for injunctive relief). The individual defendant would simply be required to return any un-

lawful payments received. *Med. Imaging,* 917 F.Supp. at 720.

### CONCLUSION

For the foregoing reasons, plaintiff's request for partial discovery and a partial lifting of the automatic stay is denied.

SO ORDERED.

E.D.N.Y.,2006.
Fisher v. Kanas
Not Reported in F.Supp.2d, 2006 WL 2239038 (E.D.N.Y.), Fed. Sec. L. Rep. P 93,944

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB  4

Westlaw.

Not Reported in F.Supp.2d                                                      Page 1
Not Reported in F.Supp.2d, 2006 WL 1738078 (S.D.N.Y.), Fed. Sec. L. Rep. P 93,903
**2006 WL 1738078 (S.D.N.Y.)**

In re Smith Barney Transfer Agent Litigation
S.D.N.Y.,2006.

United States District Court,S.D. New York.
In re SMITH BARNEY TRANSFER AGENT LIT-
IGATION.
**No. 05 Civ. 7583(WHP).**

June 26, 2006.

Bernstein Liebhard, Gregory M. Egleston, Sandy A.
Liebhard, Bernstein Liebhard & Lifshitz, LLP, New
York, NY, for Plaintiffs.
Robert Bruce McCaw, Wilmer, Cutler & Pickering,
New York, NY, for Defendants.

*MEMORANDUM AND ORDER*

WILLIAM H. PAULEY III, District Judge.
**\*1** Presently before this Court is Plaintiffs' motion
to lift the stay of discovery mandated by the Private
Securities Litigation Reform Act of 1995
("PSLRA"). Plaintiffs assert claims against Defend-
ants Smith Barney Fund Management LLC ("Smith
Barney") and Citigroup Global Markets, Inc.
("Citigroup Global Markets") (collectively, the
"Defendants") pursuant to Section 10(b) of the Se-
curities Exchange Act of 1934, 15 U.S.C. § 78j(b),
and Rule 10b-5 promulgated thereunder, 17 C.F.R.
§ 240.10b-5, and Sections 36(a) and 36(b) of the In-
vestment Company Act of 1940 (the "ICA"), 15
U.S.C. § 80a-35. Plaintiffs also assert claims of un-
just enrichment and civil conspiracy. For the reas-
ons set forth below, Plaintiffs' motion to lift the dis-
covery stay is denied.

*BACKGROUND*

The facts underlying this Order are set forth in this
Court's Order dated April 17, 2006, familiarity with
which is assumed. *See In re Smith Barney Transfer
Agent Litig., No. 05 Civ. 7583(WHP), 2006 WL
991003, at \*1-2 (S.D.N.Y. Apr. 17, 2006).* Addi-

tionally, in 2005, the Securities and Exchange
Commission (the "SEC") brought fraud charges
against Citigroup Global Markets and Smith Barney
based on facts similar to those alleged here. That
action was settled on May 31, 2005 for $208 mil-
lion. (Plaintiffs' Ex. 1.) Prior to the settlement, De-
fendants produced to the SEC hundreds of thou-
sands of pages of discovery relating to the fraud
charges. (Defendants' Memorandum of Law in Op-
position to Plaintiffs' Motion to Lift the PSLRA
Discovery Stay, dated Jan. 6, 2005
("Def.Opp.Mem.") at 13.)

Plaintiffs seek to lift the stay of discovery imposed
by the PSLRA in order to obtain the following: (1)
all documents produced by Defendants to the SEC;
(2) any documents reflecting the terms of Defend-
ants' settlement with the SEC; and (3) documents
relevant to Plaintiffs' ICA and state law claims. De-
fendants have indicated their intention to file a mo-
tion to dismiss these actions. (Def. Opp. Mem. at
1.)

*DISCUSSION*

I. *Legal Standard*

In actions subject to the PSLRA, discovery is
stayed pending the resolution of a contemplated
motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B); *In
re Royal Ahold N.V. Sec. & ERISA Litig., 220
F.R.D. 246, 249 (D.Md.2004).* The mandatory
PSLRA discovery stay cannot be lifted unless dis-
covery is required to (1) preserve evidence, or (2)
prevent undue prejudice to plaintiffs. 15 U.S.C. §
78u-4(b)(3)(B); *see also Riggs v. Termeer,* No. 03
Civ. 4014(MP), 2003 WL 21345183, at \*1
(S.D.N.Y. June 9, 2003); *In re Trump Hotel
S'holder Derivative Litig.,* No. 96 Civ. 7820(HBP),
1997 WL 442135, at \*1 (S.D.N.Y. Aug. 5, 1997).
The PSLRA also requires that plaintiffs' discovery
requests be "particularized" for the stay to be lifted.
15 U.S.C. § 78u-4(b)(3)(B). Congress enacted these

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 1738078 (S.D.N.Y.), Fed. Sec. L. Rep. P 93,903
**2006 WL 1738078 (S.D.N.Y.)**

provisions to prevent exploitation of the class action mechanism by plaintiffs in securities cases. For example, before enactment of the PSLRA, plaintiffs could use the expensive discovery process as leverage to coerce defendants into settling meritless claims. *See Novak v. Kasaks,* 216 F.3d 300, 306 (2d Cir.2000); *In re Vivendi Universal, S.A., Sec. Litig.,* 381 F.Supp.2d 129 (S.D.N.Y.2003).

## II. *Securities Claims*

**\*2** Plaintiffs do not allege that lifting the PSLRA stay is necessary to preserve evidence. Thus, the stay can only be lifted on a showing that particularized discovery is necessary to prevent undue prejudice. "Undue prejudice" in the context of a discovery stay means improper or unfair treatment amounting to something less than irreparable harm. *Vacold LLC v. Cerami,* No. 00 Civ. 4024(AGS), 2001 WL 167704, at \*6 (S.D.N.Y. Feb. 16, 2001) (citing *Med. Imaging Ctrs. Of Am., Inc. v. Lichtenstein,* 917 F.Supp. 717, 720 (S.D.Cal.1996)); *see also In re Vivendi,* 381 F.Supp.2d at 130;*In re Elan Corp. Sec. Litig.,* No. 02 Civ. 865(FM), 2004 WL 1303638, at \*1 (S.D.N.Y. May 18, 2004). Plaintiffs argue that the discovery stay would unfairly delay the discovery of inculpatory evidence and hinder Plaintiffs' ability to formulate settlement and litigation strategies. Neither of these concerns justifies lifting the stay.

"Undue prejudice" does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures. *See In re Initial Pub. Offering Sec. Litig.,* 236 F.Supp.2d 286, 287 (S.D.N.Y.2002); *see also SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.,* 189 F.3d 909, 912 (9th Cir.1999) (inability to gather evidence to defend a motion to dismiss is insufficient to lift the PSLRA discovery stay); *In re Fannie Mae Sec. Litig.,* 362 F.Supp.2d 37, 39 (D.D.C.2005) (stating that inability to plan litigation and settlement strategies does not constitute undue prejudice). This is because "delay is an inherent part of every stay of discovery required by the PSLRA."*In re Initial*

*Pub. Offering Sec. Litig.,* 236 F.Supp.2d at 287.

The precedent cited by Plaintiffs involves exceptional circumstances that are not present in this case. In *In re WorldCom, Inc. Sec. Litig.,* 234 F.Supp.2d 301 (S.D.N.Y.2002), for example, the defendant was insolvent and settlement discussions in related ERISA proceedings were moving forward by court order. Without access to the documents available to other litigants, the plaintiffs would have been at a disadvantage in competing with the ERISA litigants for a limited pool of settlement funds. *In re WorldCom,* 234 F.Supp.2d at 305-06. Under this unique set of circumstances, the court found the PSLRA discovery stay to be unduly prejudicial. *In re WorldCom,* 234 F.Supp.2d at 305;*see also In re Royal Ahold N.V.,* 220 F.R.D. at 250-53 (lifting the stay as to an insolvent defendant, but upholding the stay as to a solvent defendant); *In re Williams Sec. Litig.,* No. 02-CV-72H (M), 2003 WL 22013464, at \*1 (N.D.Okla. May 22, 2003) (lifting the PSLRA stay where defendant was "fighting for its corporate life by selling assets, reducing its work force and settling disputes with others").

Here, the Defendants are solvent. Plaintiffs offer no evidence that Defendants lack the resources needed to reach a settlement or to satisfy a judgment. *See, e.g., In re Vivendi,* 381 F.Supp.2d at 130-31 (refusing to find undue prejudice absent a showing of exceptional circumstances that would potentially leave plaintiffs unable to recover, such as bankruptcy or other ongoing settlement negotiations); *Rampersad v. Deutsche Bank Sec., Inc.,* 381 F.Supp.2d 131, 134 (S.D.N.Y.2003) (same).

**\*3** Plaintiffs also claim that because Defendants have previously produced much of the requested material to the SEC, Defendants could easily produce the same material to Plaintiffs. This consideration is irrelevant. *Sarantakis v. Gruttadauria,* No. 02 Civ. 1609, 2002 WL 1803750, at \*4 (N.D.Ill. Aug. 5, 2002). There is no exception to the discovery stay for cases in which discovery would not burden the defendant. The proper inquiry under the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1738078 (S.D.N.Y.), Fed. Sec. L. Rep. P 93,903
**2006 WL 1738078 (S.D.N.Y.)**

PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay. *See Elan Corp. Sec. Litig.,* 2004 WL 1303638, at *1 (refusing to lift the discovery stay where the documents had already been produced to the SEC); *Rampersad,* 381 F.Supp.2d at 133 (same).

Plaintiffs' have identified no "prejudice" beyond the routine delay arising from the PSLRA stay. Because no exceptional circumstances are present in this case, discovery will remain stayed as to Plaintiffs' securities claims.

III. *Non-Securities Claims*

Plaintiffs contend that discovery may proceed with respect to their state common law and ICA claims because those claims fall outside the purview of the PSLRA. This Court disagrees.

"There is simply nothing in either the text or the legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be ... pendent state law claims."*In re Trump Hotel S'holder Litig.,* 1997 WL 442135, at *2. The PSLRA stay applies to "all discovery" in "*any* private action arising under this chapter." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Nor will the stay be lifted on a line-item basis for non-securities claims that are alleged in a securities complaint. The PSRLA stay is not limited to discovery related to securities claims. Rather, the stay applies to "all discovery" in any "action" under the PLSRA's purview, regardless of whether non-securities claims are alleged. *Winer Family Trust v. Queen,* No. Civ. A. 03-4318(JRP), 2004 WL 350181, at *4 (E.D.Pa. Feb. 6, 2004) (holding that "the PSLRA stay of 'all discovery' encompasses the [state law claims] set forth in the ... Complaint"); *see also Riggs,* 2003 WL 21345183, at *1 (holding that the PSLRA discovery stay applies to non-securities claims).

Indeed, if plaintiffs could circumvent the stay by

including non-securities claims in a complaint, the PSLRA's requirements would essentially be vitiated. *See Sarantakis,* 2002 WL 1803750, at *4 ("[L]ifting the mandatory stay as to the closely related state claims would be equivalent to lifting the stay for the federal claims and would be an improper end run around the PSLRA.")."Congress could not possibly have intended for the PSLRA to be so easily marginalized."*In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* No. MDL No. 1500, 02 Civ. 8853(SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003); *see also Winer Family Trust,* 2004 WL 350181, at *2 ("Congress' attempt to address concerns of discovery abuse would be rendered meaningless if securities plaintiffs could circumvent the PSLRA stay ... simply by asserting pendent state law claims ...").

*CONCLUSION*

**\*4** For the forgoing reasons, Plaintiffs' motion to lift the PSLRA discovery stay is denied.

SO ORDERED:

S.D.N.Y.,2006.
In re Smith Barney Transfer Agent Litigation
Not Reported in F.Supp.2d, 2006 WL 1738078 (S.D.N.Y.), Fed. Sec. L. Rep. P 93,903

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB 5

Not Reported in F.Supp.                                                                                              Page 1
Not Reported in F.Supp., 1997 WL 442135 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,537
**1997 WL 442135 (S.D.N.Y.)**

In re Trump Hotel Shareholder Derivative Litiga-
tion
S.D.N.Y.,1997.

United States District Court, S.D. New York.
In Re: TRUMP HOTEL SHAREHOLDER DERIV-
ATIVE LITIGATION
No. 96CIV.7820 (DAB)(HBP).

Aug. 5, 1997.

*OPINION AND ORDER*

PITMAN, United States Magistrate Judge.
**\*1** Plaintiffs have moved informally to compel doc-
ument discovery from third-party Colony Capital,
Inc.<sup>FN1</sup> For the reasons stated below, plaintiffs'
motion is denied and discovery herein is stayed
pending resolution of the motion to dismiss sched-
ule to be filed on August 11, 1997.

> FN1. This discovery dispute was presented
> to the Court through (1) letters from
> plaintiffs' counsel dated June 10, June 25,
> July 2, and July 7, 1997; (2) letters from
> defendants' counsel dated June 16, July 1
> and July 8, 1997; and (3) a letter from
> counsel for Colony date July 3, 1997. All
> the foregoing correspondence shall be
> docketed herein. At oral argument on July
> 29, 1997, all counsel agreed that the matter
> was ripe for decision without the need for
> further briefing.

This shareholder derivative action was commenced
on October 16, 1996. Plaintiffs have alleged claims
arising under Section 14(a) of the Exchange Act, 15
U.S.C. § 78n(a) and under numerous common law
doctrines. Plaintiffs claim that the Court has subject
matter jurisdiction by virtue of both the presence of
a federal question and diversity of citizenship.

Pursuant to a stipulation of the parties, plaintiffs

were granted leave to file a Third Amended Consol-
idated Derivative Complaint on or before June 29,
1997, and defendants were granted forty-five (45)
days thereafter to answer or otherwise move with
respect to said complaint. The Third Amended Con-
solidated Complaint was filed on June 26, 1997.
Defendants' response is, thus, due on August 11,
1997. Defendants have represented to the Court that
they will be moving to dismiss the Third Amended
Consolidated Derivative Complaint in its entirety
and that their motion will be filed in accordance
with the timetable set forth in the May 30 Stipula-
tion.

The instant dispute arises out of the parties' diver-
gent positions concerning the application of Section
21D(b)(3)(B) of the Private Securities Litigation
Reform Act ("PSLRA"), 15 U.S.C. §
78u-4(b)(3)(B) which provides that:

In any private action arising under this chapter, all
discovery and other proceedings shall be stayed
during the pendency of any motion to dismiss, un-
less the court finds upon the motion of any party
that particularized discovery is necessary to pre-
serve evidence or to prevent undue prejudice to that
party.

In light of the imminent filing of their motion to
dismiss, defendants contend that this provision jus-
tifies, if not requires, that discovery be stayed
pending resolution of their motion.

Plaintiffs make several arguments in opposition.
First, they contend that Section 21D(b)(3)(B) has
no application here because this is a derivative ac-
tion, not a class action, and the PSLRA was inten-
ded to deal with the abuses that Congress believed
had developed in such class actions. Although class
actions were certainly one of Congress' concerns in
enacting the PSLRA, the text of the statute does not
support plaintiffs' interpretation. Subsection
21D(a), 15 U.S.C. § 78u-4(a), of the PSLRA is spe-
cifically limited to class actions. Subsection

Not Reported in F.Supp., 1997 WL 442135 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,537
**1997 WL 442135 (S.D.N.Y.)**

21D(b), however, contains no such limitation. Since " '[i]t is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another' ", *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), plaintiffs' argument that the stay provisions of Section 21D(b) applies only to class actions must be rejected.

**\*2** Second, plaintiffs argue that the Section 21D(b)(3)(B) is inapplicable because no motion to dismiss has been filed. Although plaintiffs are correct that no dismissal motion has yet been filed, this appears to be solely the result of the schedule to which the parties have agreed. In this case, the parties, to their credit, have agreed to a schedule for the filing of a third amended complaint and a moderately extended period within which a dismissal motion would be served. In the ordinary action, responses to discovery requests served with a complaint would not be due until the same time an answer or a Rule 12 motion were due. Thus, in the ordinary action, neither discovery itself nor the Section 21D(b) stay would even be an issue until an answer or dismissal motion were due. No logical reason has been proffered why this chronology should change simply because the parties have amicably worked out a schedule for the service of an amended pleading and dismissal motion.

Plaintiffs next argue that staying discovery in this matter operates unfairly because it effectively penalizes them for alleging a federal securities law claim in conjunction with their state law claims. Plaintiffs contend that had they chosen to proceed on their state law claims alone, the PSLRA by, its own terms, would be inapplicable and there would be no stay. Although plaintiffs appear be correct that the PSLRA has no application to actions in which only state law claims are alleged, this is simply not such an action. Having chosen to invoke Section 14 of the Exchange Act, plaintiffs are necessarily subject to the PSLRA. There is simply nothing in either the text or the legislative history

of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be both diversity of citizenship and pendent state law claims.

Finally, plaintiffs have not established how they will be prejudiced by staying discovery. Indeed, the possibility that prejudice will result from a stay is particularly remote in this case because the only discovery currently sought is the production of documents. In any event, in order to further minimize the chance of prejudice, I hereby order Colony and all defendants to preserve all documents in their possession or under their control which have either already been requested by plaintiffs or which are likely to be the subject of a discovery request from plaintiffs.

Accordingly, for all the foregoing reasons, plaintiffs' motion to compel discovery is denied. Discovery is hereby stayed pending the resolution of the dismissal motion to be filed by defendants on August 11, 1997.

So Ordered

S.D.N.Y.,1997.
In re Trump Hotel Shareholder Derivative Litigation
Not Reported in F.Supp., 1997 WL 442135 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,537

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB  6

Slip Copy, 2007 WL 1232177 (D.Conn.)
**2007 WL 1232177 (D.Conn.)**

**C**

Kelleher v. ADVO, Inc.
D.Conn.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Robert KELLEHER, et al., Plaintiffs,
v.
ADVO, INC., et al., Defendants.
**Civil No. 3:06CV01422(AVC).**

April 24, 2007.

John A. Lowther, Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP, San Diego, CA, Nancy
A. Kulesa, Schatz Nobel Izard PC, Hartford, CT,
for Plaintiffs.

Ashley K. Handwerk, Rory Fitzpatrick, Sharleen
Joy Davis, William S. McDermott, Kirkpatrick &
Lockhart Preston Gates Ellis, LLP, Boston, MA,
Spencer A. Burkholz, Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP, San Diego, CA, David J.
Elliott, Day Pitney LLP, Hartford, CT, Terence J.
Gallagher, III, Day Pitney LLP, Stamford, CT, for
Defendants.

*RULING ON THE PLAINTIFF'S MOTIONS TO
CONSOLIDATE, FOR APPOINTMENT AS
LEAD PLAINTIFF, FOR APPROVAL OF
COUNSEL, AND TO PARTIALLY LIFT THE
STAY ON DISCOVERY*

ALFRED V. COVELLO, United States District
Judge.

**\*1** This is an action for damages. It is brought pur-
suant the Securities Exchange Act of 1934, 15
U.S.C. § 78a*et seq.* The plaintiff, Robert Kelleher,
an owner of common stock in ADVO, Inc.
("ADVO"), alleges that the defendants, ADVO and
its directors and officers, issued false and mislead-
ing information in violation of federal securities
law. Kelleher brings this action individually, and on
behalf of all other similarly situated stockholders.

The issues presented are: 1) whether the cases that

Kelleher seeks to consolidate involve common
questions of law or fact; 2) whether Kelleher is the
member of the purported plaintiff class who is most
capable of adequately representing the interests of
the class members; 3) whether Kelleher's choice of
counsel is sufficiently qualified, experienced, and
able to represent the potential class; 4) whether lift-
ing the stay on discovery imposed by the Private
Securities Litigation Reform Act of 1995
("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), is neces-
sary to prevent the destruction of evidence; and 5)
whether lifting the PSLRA stay on discovery is ne-
cessary to prevent undue prejudice to Kelleher.

**A. Motion to Consolidate**

Kelleher first moves to consolidate the present ac-
tion with two other actions filed by fellow ADVO
shareholders, *Coronel v. ADVO, Inc.,*
3:06CV01457(AVC), and *Field v. ADVO, Inc.,*
3:06CV01481(AVC). This motion is unopposed.

The complaints in these three actions uniformly al-
lege that in violation of federal securities law, the
defendants made false statements regarding
ADVO's financial value in order to ease a merger
with another company. Further, the complaints each
allege that the plaintiffs relied upon these state-
ments to their detriment. Accordingly, for the pur-
pose of the motion to consolidate these actions,
Kelleher has demonstrated that these three matters
involve common questions of law and fact.
*See*Fed.R.Civ.P. 42(a). Therefore, the motion to
consolidate is granted. Pursuant to D. Conn. L. Civ.
R. 42(a), the clerk shall maintain a separate docket
for each case, but the parties shall now file all pa-
pers in the docket of the earliest filed case, *Kelleher
v. ADVO, Inc.,* 3:06CV01422(AVC).

**B. Motion for Appointment as Lead Plaintiff**

Kelleher next moves to be appointed lead plaintiff
of the consolidated action. This motion is similarly

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 1232177 (D.Conn.)

**2007 WL 1232177 (D.Conn.)**

unopposed.

The United States Code calls for the court to appoint as lead plaintiff in a would-be class action securities case "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."15 U.S.C. § 78u-4(a)(3)(B)(i). The court presumes that a member is "most capable" where that member "has ... filed the complaint ..., has the largest financial interest in the relief sought by the class[,] and ... otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."15 U.S.C. § 78u-4 (a)(3)(B)(iii).

**\*2** Here, it is undisputed that Kelleher filed the complaint in this action, and that he has the largest financial interest in the relief sought by the prospective class. Moreover, for the purpose of this motion, Kelleher is able to satisfy the requirements of Rule 23.

Rule 23 provides that a member of a class may sue as the representative of the class only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

At this stage in the proceeding, for the purpose of appointing a lead plaintiff, the court need only consider the typicality and adequacy requirements of Rule 23. *Herrgott v. United States Dist. Court,* 306 F.3d 726, 730 (9th Cir.2002). "Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir.1993)

(citations omitted)."When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims."*Id.*

The adequacy of representation requirement of Rule 23 calls for the court to resolve: "1) [whether the] plaintiff's interests are antagonistic to the interest of other members of the class and 2) [whether the] plaintiff's attorneys are qualified, experienced and able to conduct the litigation."*Baffa v. Donaldson,* 222 F.3d 52, 60 (2d Cir.2000).

In the present case, it is undisputed that Kelleher, like the potential class members, suffered damages as a result of purchasing ADVO stock in reliance on the allegedly false statements made by the defendants. Likewise, it is undisputed that Kelleher has no conflicts of interest with the potential class members. Further, having reviewed the credentials of those firms that represent Kelleher, namely, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP, and Schatz & Nobel, PC, the court concludes that his counsel is sufficiently qualified, experienced, and able to represent the potential class of plaintiffs. As such, assuming for the purpose of this motion that Kelleher's unchallenged assertions are true, the court concludes that Kelleher is able to satisfy both the typicality and adequacy of representation requirements of Rule 23.

Having met this threshold, Kelleher thereby satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii). As such, Kelleher is entitled to the presumption that he is the member of the purported plaintiff class who is most capable of adequately representing the interests of the class members. Having before it no evidence of that would rebut this presumption, the court appoints Robert Kelleher lead plaintiff in this action.

**C. Motion for Approval of Counsel**

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

**\*3** Kelleher next moves for the approval of his selection of counsel, as required by 15 U.S.C. § 78u-4(a)(3)(B)(v). This motion is also unopposed. For the reasons set forth above, the court gives its approval to Kelleher's selection of counsel, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP, as lead counsel, and Schatz & Nobel, PC, as liaison counsel.

**D. Motion to Lift the Partial Stay on Discovery**

**1. Preservation of Evidence**

Finally, Kelleher moves to lift the stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). Specifically, Kelleher seeks an order that the defendants "produce all documents, transcripts of interviews or testimony, and any other information provided to or received from" the parties in a separate action in Delaware state court, namely, *Valassis Communications, Inc. v. ADVO, Inc.,* No. 23-83-N (Del. Ch.2006). Kelleher first argues that lifting the stay is necessary to prevent the destruction of evidence by third parties, a scenario which Kelleher characterizes as a "very real possibility."

The defendants oppose the motion, and respond that Kelleher "has not demonstrated that exceptional circumstances exist" as to justify lifting the stay. Specifically, the defendants argue that because they have fulfilled their obligations to safeguard evidence, lifting the stay on discovery is not necessary.

Pursuant to PSLRA, "[i]n any private action arising under [the Securities Exchange Act of 1934, 15 U.S.C. § 78a*et seq.*], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."15 U.S.C. § 78u-4(b)(3)(B)."[T]he automatic stay provision of the Act is triggered by the mere indication by [the]

defense of its intention to file a motion to dismiss."*In re Carnegie Int'l Corp. Sec. Litig.,* 107 F.Supp.2d 676, 683 (D.Md.2000).

Accordingly, where, as here, the defendants have indicated their intention to bring a motion to dismiss,[FN1] all discovery is stayed absent one of two exceptional circumstances. Specifically, the court may lift the stay only when "particularized discovery is necessary" to either: 1) preserve evidence; or 2) prevent undue prejudice. 15 U.S.C. § 78u-4 (b)(3)(B).

> FN1. On October 31, 2006, the parties jointly filed a "Stipulation and Initial Rule 26(f) Report" (document no. 10) which states that the defendants "presently intend to file a motion to dismiss...."

"A party alleging that discovery is 'necessary to preserve evidence' must present more than mere 'generalizations of fading memories and allegations of possible loss or destruction.' " *Sarantakis v. Gruttadauria,* No. 02 C 1609, 2002 U.S. Dist. LEXIS 14349, at \*5-6 (D. Ill. Aug 2, 2002) (quoting *In re Fluor Corp. Sec. Litig.,* SA CV 97-734 AHS (Eex), 1999 U.S. Dist. LEXIS 22128, at \*3 (C.D.Cal. Jan. 15, 1999)). "The movant is required to make a specific showing that 'the loss of evidence is imminent as opposed to merely speculative.' " *Sarantakis,*2002 U.S. Dist. LEXIS 14349, at \*6 (quoting *In re CFS-Related Sec. Fraud Litig.,* 179 F.Supp.2d 1260, 1265 (N.D.Okla.2001)). "The sole example proffered by Congress as to what justifies the stay is 'the terminal illness of an important witness,' which might 'necessitate the deposition of the witness prior to ruling on the motion to dismiss.' " *Faulkner v. Verizon Communications, Inc.,* 156 F.Supp.2d 384, 402 (S.D.N.Y.2001) (citation omitted).

**\*4** Kelleher has failed to establish that lifting the stay is necessary to preserve evidence. His allusions to the possibility of third parties failing to preserve documents is ultimately speculative, and fails to demonstrate that the destruction of evidence is im-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

minent. While the court does not foreclose the possibility of lifting the stay in the future to preserve evidence, based on the submissions of the parties, the court concludes that lifting the stay is not presently necessary.

## 2. Prevention of Undue Prejudice

Kelleher next argues that lifting the stay is necessary to avoid "undue prejudice." Specifically, he contends that the stay on discovery will forestall him from finding "ammunition for an amended federal securities complaint" and from making "informed decisions about litigation strategy...."

The defendants respond that "the plaintiff's wish to make better strategic litigation decisions does not constitute undue prejudice."They note that before the court can lift the stay, Kelleher must demonstrate not just prejudice, but "undue prejudice." Moreover, they argue that Kelleher's inability to presently conduct discovery is a routine situation in securities litigation, and does not merit the extraordinary remedy requested.

The court agrees. Although the Second Circuit has not provided guidance as to that which constitutes "undue prejudice" in the context of a PSLRA discovery stay, various district courts in this circuit have addressed the issue, and have stated that undue prejudice is "improper or unfair treatment amounting to something less than irreparable harm."*E.g. In re Vivendi Universal, S.A., Sec. Litig.,* 381 F.Supp.2d 129, 130 (S.D.N.Y.2003) (citation omitted). A plaintiff's "inability to gather evidence ... to plan a litigation strategy [however,] is not evidence of undue prejudice."*In re Refco, Inc. Sec. Litig.,* No. 05 Civ. 8626, 2006 U.S. Dist. LEXIS 55639, at *6 (S.D.N.Y. Aug. 8, 2006)."This is because 'delay is an inherent part of every stay of discovery required by the PSLRA.' " *In re Smith Barney Transfer Agent Litig.,* No. 05 Civ. 7583, 2006 U.S. Dist. LEXIS 42646, at *2 (S.D.N.Y. June 26, 2006), quoting *In re Initial Pub. Offering Litig.,* 236 F.Supp.2d 286, 287 (S.D.N.Y.2002)).

While Kelleher's desire to begin discovery to better craft an amended complaint and plan his case is understandable, the frustration of that desire is neither improper nor unfair, but rather a routine matter of federal securities law.[FN2]As such, the court concludes that Kelleher has not demonstrated that he will suffer undue prejudice if the stay is not lifted. Therefore, the motion to lift the discovery stay is denied.[FN3]Accordingly, the defendants' motion for leave to file a surreply in opposition to the motion to lift the discovery stay is denied, as moot.

> FN2. Kelleher also suggests that the stay will shield the defendants from liability. As Kelleher does not substantiate this argument, the court concludes that it is without merit.

> FN3. Kelleher also contends that lifting the stay will not be burdensome to the defendants, an assertion which the defendants deny. As the impact of discovery on the defendants is not material under 15 U.S.C. § 78u-4(b)(3)(B), the court does not resolve this issue.

### CONCLUSION:

For the foregoing reasons, Kelleher's motions for consolidation, appointment as lead plaintiff, and approval of counsel (document no. 33) are GRANTED. Kelleher's motion to lift the stay on discovery (document no. 20), and the defendants' motion for leave to file a surreply in opposition to the motion to lift the stay (document no. 39) are DENIED. The clerk shall file this ruling in the dockets of each of the underlying cases of this consolidated action, specifically, *Kelleher v. ADVO, Inc.,* Corn 3:06CV01422(AVC), *Coronel v. ADVO, Inc.,* 3:06CV01457(AVC), and *Field v. ADVO, Inc.,* 3:06CV01481(AVC).

**\*5** It is so ordered.

D.Conn.,2007.
Kelleher v. ADVO, Inc.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 5

Slip Copy, 2007 WL 1232177 (D.Conn.)

**2007 WL 1232177 (D.Conn.)**

Slip Copy, 2007 WL 1232177 (D.Conn.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB  7

Not Reported in F.Supp.2d                                                                                   Page 1

Not Reported in F.Supp.2d, 2002 WL 1803750 (N.D.Ill.)

**2002 WL 1803750 (N.D.Ill.)**

---

Sarantakis v. Gruttaduaria

N.D.Ill.,2002.

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern
Division.

Georgia G. SARANTAKIS and Carol Ann Coyle,
Plaintiffs,

v.

FRANK DOMINIC GRUTTADAURIA; Lehman
Brothers, Inc.; Lehman Brothers Holdings, Inc.;
S.G. Cowen Securities; Societe Generale SA;
Cowen & Company; Hambrecht & Quist, Inc.; J.P.
Morgan Securities, Inc.; DeGrandis & DeGrandis,
Certified Public Accountants; and Joseph De-
Grandis, Jr., Defendants.

No. 02 C 1609.

Aug. 5, 2002.

Investors brought securities fraud action against
their investment broker, broker-dealers, and ac-
countants. After defendants moved to dismiss, in-
vestors filed motion to lift automatic stay on dis-
covery. The District Court, Nolan, United States
Magistrate Judge, held that: (1) investors failed to
show it was necessary to lift automatic stay to pre-
serve evidence or to prevent undue prejudice, and
(2) even if investors had shown that extraordinary
circumstances existed, motion to lift stay would be
denied because it did not seek particularized dis-
covery.

Motion to lift stay denied.

West Headnotes

**[1] Federal Civil Procedure 170A ☞1264**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1264 k. Actions in Which Remedy
Is Available. Most Cited Cases
In investors' securities fraud action against their in-

vestment broker, broker-dealers, and accountants,
investors failed to show it was necessary to lift
automatic stay imposed pursuant to the Private Se-
curities Litigation Reform Act (PSLRA), after de-
fendants moved to dismiss, to preserve evidence or
to prevent undue prejudice, where evidence was not
in immediate and/or probable peril since defendants
were obligated to preserve evidence during stay as
if it were subject of pending discovery request, and
investors' claim that lifting stay would not prejudice
defendants did nothing to satisfy their burden of
showing that they would suffer undue prejudice if
stay was not lifted. Securities Exchange Act of
1934, § 21D(b)(3)(B), as amended, 15 U.S.C.A. §
78u-4(b)(3)(B).

**[2] Federal Civil Procedure 170A ☞1264**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1264 k. Actions in Which Remedy
Is Available. Most Cited Cases
Even if investors had shown that exceptional cir-
cumstances existed in their securities fraud action
against their investment broker, broker-dealers, and
accountants, motion to lift automatic stay imposed
under the Private Securities Litigation Reform Act
(PSLRA), after defendants moved to dismiss,
would be denied because it did not seek particular-
ized discovery; motion did not list any specific dis-
covery or categories of discovery that were in
danger of being destroyed or must be produced in
order to prevent undue prejudice. Securities Ex-
change Act of 1934, § 21D(b)(3)(B), as amended,
15 U.S.C.A. § 78u-4(b)(3)(B).

MEMORANDUM OPINION AND ORDER

NOLAN, Magistrate J.

**\*1** In this securities fraud case, discovery was auto-
matically stayed pursuant to the Private Securities
Litigation Reform Act after several of the defend-

ants moved to dismiss the complaint. The matter is now before this Court on Plaintiffs' Motion to Lift Automatic Stay. In their motion, the plaintiffs argue that the stay should be lifted in order to preserve evidence and to prevent undue prejudice. For the reasons that follow, the plaintiffs' motion is DENIED.

## BACKGROUND

Plaintiffs Georgia Sarantakis and Carol Ann Coyle allege, among other things, that defendant Frank Gruttadaria defrauded them and violated a number of securities laws while he was acting as their investment broker. The other defendants are the plaintiffs' accountants and a number of broker-dealers (or their parent companies) for which Gruttadaria worked while the allegedly fraudulent activities took place. In May 2002, several defendants filed a motion to stay the action pending arbitration or to dismiss,FN1 which is now pending in the district court. The defendants argue that the litigation should be stayed pending the outcome of arbitration. Specifically, the defendants claim that the plaintiffs signed agreements containing arbitration clauses providing that any controversy arising out of the plaintiffs' accounts shall be settled by arbitration. In addition, the motion seeks to dismiss four counts (violation of the Illinois Securities Law; violation of fiduciary duty under NASD and NYSE rules; common law fraud; and promissory estoppel) pursuant to Federal Rule of Civil Procedure 12(b)(6).FN2

> FN1. This motion was filed by defendant SG Cowen, joined by defendants Lehman Brothers, Inc. and Lehman Brothers Holdings, Inc. Two other broker-dealer defendants, Hambrecht & Quist and J.P. Morgan Securities, Inc., filed a motion to stay pending arbitration but did not file a motion to dismiss any of the claims. A month later, the accountant defendants filed a motion to dismiss based on a lack of personal jurisdiction and improper venue.

> FN2. An additional basis for the motion, that Counts I and II fail to state a claim under the federal securities laws, was withdrawn after a Supreme Court case decided on June 3, 2002 invalidated the defendants' argument.

Discovery in the case is stayed pending resolution of the motion to dismiss, but the defendants have voluntarily produced and continue to produce a number of documents that are relevant to several of the plaintiffs' document requests. The plaintiffs' motion asks the Court to lift the stay as to all documents identified in their discovery requests, or in the alternative, to allow such discovery as would be permitted in an arbitration proceeding.

## DISCUSSION

After the defendants' motion to dismiss was filed, discovery was automatically stayed pursuant to the PSLRA, which provides:

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

The purposes of the automatic stay provision are (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed. *See In re Comdisco Sec. Litig.,* 166 F.Supp.2d 1260, 1263 (N.D.Ill.2001).

*2 The mandatory stay under the PSLRA may be

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1803750 (N.D.Ill.)
**2002 WL 1803750 (N.D.Ill.)**

lifted only in exceptional circumstances, i.e., when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."15 U.S.C. § 78u-4(b)(3)(B); *see Vacold LLC v. Cerami,* No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb.16, 2001); *see also Faulkner v. Verizon Communications, Inc.,* 156 F.Supp.2d 384, 402 (S.D.N.Y.2001) ("The sole example proffered by Congress as to what justifies lifting the stay is 'the terminal illness of an important witness,' which might 'necessitate the deposition of the witness prior to ruling on the motion to dismiss." ') (citation to Senate Rpt. omitted).

A party alleging that discovery is "necessary to preserve evidence" must present more than mere "generalizations of fading memories and allegations of possible loss or destruction."*In re Fluor Corp. Sec. Litig.,* No. SA CV 97-734 AHS EEX, 1999 WL 817206, at *3 (C.D.Cal. Jan.15, 1999). The movant is required to make a specific showing that "the loss of evidence is imminent as opposed to merely speculative."*In re CFS-Related Sec. Fraud Litig.,* 179 F.Supp.2d 1260, 1265 (N.D.Okla.2001).

"Undue prejudice" has been defined as " 'improper or unfair treatment' amounting to something less than irreparable harm."*Vacold,* 2001 WL 167704, at *6 (quoting *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein,* 917 F.Supp. 717, 720 (S.D.Cal.1996))."Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair."*In re CFS,* 179 F.Supp.2d at 1265. Undue prejudice has been found "where defendants might be shielded from liability in the absence of the requested discovery."*Vacold,* 2001 WL 167704, at *6;*see In re CFS,* 179 F.Supp.2d at 1266-67;*see also Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* No. 99 CIV 342, 1999 WL 223158, at *1-2 (S.D.N.Y. Apr.16, 1999) (allowing the plaintiff corporation to obtain discovery related to the defendants' efforts to take over the plaintiff, because those actions, if successful, would moot the plaintiff's lawsuit).

Even if exceptional circumstances exist, the movant must also show that particularized discovery is necessary to remedy the problem. General requests to open all discovery do not satisfy this burden. *See Mishkin v. Ageloff,* 220 B.R. 784, 792-93 (S.D.N.Y.1998) (noting that a nonspecific motion asking for production of "an open-ended, boundless universe of discovery ... is basically a request to continue any and all discovery that may arise" and does not satisfy the particularized discovery requirement); *Faulkner,* 156 F.Supp.2d at 402 (holding that a subpoena seeking all documents already produced or to be produced in the future is not "particularized"). The movant must specifically identify the needed discovery in its motion to lift the automatic stay. *See Mishkin,* 220 B.R. at 794 n. 6.

**\*3** The plaintiffs argue that the automatic stay under the PSLRA should be lifted both to preserve evidence and to prevent undue prejudice. First, the passage of time in waiting for a ruling on the motion to dismiss increases the risk that memories will fade and documents will disappear. Second, the plaintiffs will suffer undue prejudice if the stay is not lifted, because plaintiff Sarantakis is 80 years old and her life savings were depleted; and plaintiff Coyle is 52 years old, has a limited ability to work due to fibromyalgia, and has lost all the money in her account. The plaintiffs also contend that lifting the stay will not prejudice the defendants because the defendants have been producing the requested documents in other cases and investigations, and because an arbitration panel will allow a certain amount of discovery if the defendants' pending motion is successful and the case goes to arbitration. The plaintiffs rely primarily on two cases in which an automatic stay was lifted: *Fazio v. Lehman Brothers, Inc.,* No. 1:02CV157*et al.,* slip op. (N.D.Ohio May 16, 2002), a case similar to the present one and involving many of the same defendants; and *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F.Supp.2d 162 (S.D.N.Y.2001).

The defendants respond that the plaintiffs have not

Not Reported in F.Supp.2d                                                         Page 4
Not Reported in F.Supp.2d, 2002 WL 1803750 (N.D.Ill.)
**2002 WL 1803750 (N.D.Ill.)**

established that exceptional circumstances exist in this case; the plaintiffs do not seek particularized discovery; the rulings in *Fazio* and *Tobias Holdings* conflict with the majority of federal courts; granting plaintiffs' motion will effectively operate as a denial of the defendants' motions to stay the case pending arbitration; and ordering discovery will eliminate the potential benefits of non-judicial resolution of this matter.

[1] The Court concludes that the plaintiffs have not met their burden of showing it is necessary to lift the stay to preserve evidence or to prevent undue prejudice. First, there is no dispute that the PSLRA's mandatory stay provision applies in this case, a private action arising under the 1934 Securities Act in which a motion to dismiss is pending.

Second, the plaintiffs have not shown that either of the exceptional circumstances exists in this case. Lifting the stay is not "necessary to preserve evidence." All of those from whom the plaintiffs seek discovery are parties and therefore are obligated under the PSLRA to preserve evidence during the stay as if it were the subject of a pending discovery request. *See In re CFS,* 179 F.Supp.2d at 1265. Moreover, lifting the stay is not necessary to preserve evidence when, as in this case, the party from whom discovery is sought has represented to the court that it will maintain the evidence at issue. *See In re Carnegie Int'l Corp. Sec. Litig.,* 107 F.Supp.2d 676, 684 (D.Md.2000). Most importantly, the plaintiffs do not claim that any evidence is in immediate and/or probable peril. The plaintiffs' general concern about the "risk" that evidence will be lost or memories will fade is not an exceptional circumstance and does not demonstrate that discovery is necessary to preserve evidence. *See In re Fluor,* 1999 WL 817206, at *3.

**\*4** The plaintiffs also have not demonstrated that lifting the stay is necessary to prevent undue prejudice. The plaintiffs do not allege any prejudice other than that inherent in litigation, e.g., the delay in ruling on the motion to dismiss and the delay in obtaining a final judgment in the case. The plaintiffs'

argument that lifting the stay will not prejudice the defendants is irrelevant and does not relieve the plaintiffs of their burden to establish that they will suffer undue prejudice if the stay is not lifted.

[2] Even if the plaintiffs had shown that exceptional circumstances exist, their motion would be denied because it does not seek "particularized discovery." The motion does not list any specific discovery or categories of discovery that are in danger of being destroyed or must be produced in order to prevent undue prejudice. The plaintiffs' alternative request to discover information that would be produced to them in an arbitration proceeding is also not sufficiently specific. The plaintiffs do not state what discovery would be allowed in arbitration or explain how it differs from the litigation discovery.

Finally, the Court notes that the plaintiffs' arguments are not supported by either of the cases on which they rely. First, *Fazio* is in conflict with the majority of other courts that have examined the PSLRA's mandatory stay provision and appears to disregard the language of the statute. *See Fazio v. Lehman Brothers, Inc.,* No. 1:02CV157*et al.,* slip op. (N.D.Ohio May 16, 2002). Second, *Tobias Holdings* does not support the plaintiffs' argument even if the Court presumes its reasoning is sound. That case held that the automatic stay provision does not apply to distinct state law claims for which jurisdiction is based on diversity of citizenship. *See Tobias Holdings,* 177 F.Supp.2d at 166-67. In this case, the complaint does not plead diversity jurisdiction, and it does not even allege the defendants' citizenship. Moreover, the plaintiffs acknowledge that "[a]ll of plaintiffs' claims arise from the same factual circumstances and therefore require the same discovery."(Mem. in Supp. of Pls.' Mot. to Lift Stay of Disc. at 2.) Thus, lifting the mandatory stay as to the closely related state claims would be equivalent to lifting the stay for the federal claims and "would be an improper end run around the PSLRA."*Angell Invs., L.L.C. v. Purizer Corp.,* No. 01 C 6359, 2001 WL 1345996, at *2 (N.D.Ill. Oct.31, 2001).

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                   Page 5
Not Reported in F.Supp.2d, 2002 WL 1803750 (N.D.Ill.)
**2002 WL 1803750 (N.D.Ill.)**

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Lift Automatic Stay on Discovery IS DENIED. The matter is set for status on October 31, 2002 at 9:00 a.m..

N.D.Ill.,2002.
Sarantakis v. Gruttaduaria
Not Reported in F.Supp.2d, 2002 WL 1803750 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# TAB  8

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 2647945 (S.D.N.Y.)
**2005 WL 2647945 (S.D.N.Y.)**

Sedona Corp. v. Ladenburg Thalmann
S.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
SEDONA CORPORATION, Plaintiff,
v.
LADENBURG THALMANN, et al., Defendants.
**No. 03 Civ. 3120 LTSTHK.**

Oct. 14, 2005.

MEMORANDUM OPINION AND ORDER

KATZ, Magistrate J.
**\*1** This action, which alleges, *interalia,* violations of various federal and state securities laws, has been referred to this Court for general pretrial supervision and for resolution of the current application by Defendants for an order confirming that all discovery is stayed in this case, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), or, in the alternative, requesting a protective order or an order to quash a subpoena recently issued by Plaintiff. For the reasons set forth below, the Court confirms that discovery is stayed until all motions to dismiss the Second Amended Complaint have been decided.

I. *Procedural History*

Plaintiff filed its First Amended Complaint on July 15, 2003. On August 8, 2005, the Honorable Laura T. Swain, U.S.D.J., granted in part and denied in part Defendants' motions to dismiss the First Amended Complaint. See *Sedona v. Ladenburg, No. 03 Civ. 3120(LTS)(THK), 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005).* Specifically, the Opinion and Order partially dismissed Plaintiff's claims against sixteen of the seventeen Defendants, and entirely dismissed claims against a seventeenth Defendant. *Id.* at \*24. Thus, at least one cause of action against sixteen of the Defendants remains vi-

able. The Opinion and Order also granted Plaintiff leave to file a Second Amended Complaint repleading those causes of action dismissed without prejudice. *Id.*

Plaintiff has expressed its intention to file a Second Amended Complaint and Defendants' expect to move again to dismiss. Several Defendants have also filed Motions for Reconsideration of the Opinion and Order.

During the pendency of Defendants' initial motions to dismiss, the parties adhered to the PSLRA's automatic stay of discovery. *See* 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff did, however, submit three motions requesting a partial lift of the PSLRA's automatic stay while Defendants' motions to dismiss were still pending, in order to 1) send preservation letters to non-party broker-dealers, 2) obtain discovery of Defendant Ladenburg Thalmann's records that were included in a submission to the National Association of Securities Dealers ("NASD") in response to a "Wells Letter," and 3) serve a subpoena on non-party Refco Group Ltd./Refco Finance, Inc. ("Refco") for records that were included in a "Wells" submission to the SEC and Attorney General. The August 8, 2005 Order and Opinion, deciding Defendants' motions to dismiss, denied as moot Plaintiff's motions for a lift of the PSLRA discovery stay because all pending motions to dismiss had been resolved. *Sedona, 2005 WL 1902780, at \*12.*

Subsequently, Plaintiff sent preservation letters to approximately ten broker-dealers and served a subpoena on non-party Refco. Plaintiff has also indicated that it intends to propound further discovery requests and, in a letter dated September 20, 2005, Plaintiff requested permission to send a preservation letter to Defendant Ladenburg Thalmann, one of Defendants whose motion to dismiss was granted in part and denied in part. The Court (Swain, J.) allowed Plaintiff to issue a preservation letter to Ladenburg Thalmann, but ordered that Plaintiff re-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 2647945 (S.D.N.Y.)
**2005 WL 2647945 (S.D.N.Y.)**

frain from issuing subpoenas or document requests until the instant application to lift the discovery stay is resolved.

II. *The PSLRA's Automatic Stay of Discovery*

**\*2** The PSLRA's discovery stay provision provides:

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of *any motion to dismiss,* unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

As the parties recognize, the case law is unsettled as to whether the PSLRA's automatic discovery stay applies after initial motions to dismiss have been decided, where at least some claims against the defendants have survived, and where future amendments to the complaint and motions to dismiss are anticipated.[FN1] On this and other issues, "the Second Circuit has yet to provide the district courts with guidance regarding the PSLRA's discovery stay provision." *Taft v. Ackermans,* No. 02 Civ. 7951(PKL), 2005 WL 850916, at \*4 (S.D.N.Y. Apr. 13, 2005).

FN1. There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed. *See In re JDS Uniphase Corp. Sec. Litig.,* 238 F.Supp.2d 1127, 1133 (N.D.Cal.2002) (although motion to dismiss not pending, time to respond to complaint had not elapsed, therefore discovery stay was in effect); *Carnegie Int'l Corp. Sec. Litig.,* 107 F.Supp.2d 676, 682-83 (D.Md.2000) (same); *In re Trump Hotel S'holder Derivative Litig.,* No. 96 Civ. 7820(DAB)(HBP), 1997 WL 442135, at \*2 (S.D.N.Y. Aug. 5, 1997) (same); *cf. Powers v. Eichen,* 961 F.Supp. 233,

235-36 (S.D.Cal.1997) (motion to dismiss is "pending" while defendants' motion for reconsideration of decision denying motion to dismiss remains to be decided).

The Court is aware of two decisions in which federal courts have concluded that the language of the PSLRA stay provision, as it pertains to subsequent motions to dismiss, is ambiguous. *See Lernout & Hauspie Sec. Litig.,* 214 F.Supp.2d 100, 105 (D.Mass.2002); *In re Global Crossing, Ltd. Sec. Litig.,* 322 F.Supp.2d 319, 352 (S.D.N.Y.2004).

In the *Lernout* decision, the court found that the statute lends itself to "two competing reasonable interpretations." *Id.* In that court's view, "any motion" could be viewed as meaning "all" motions to dismiss by all parties, or could be read to mean that discovery should be stayed against a party "during the pendency of any motion to dismiss filed by that party." *Id.* The court therefore looked to the legislative history of the statute, finding evidence that Congress was concerned with the cost of discovery forcing settlement of frivolous lawsuits, and with fishing expeditions for discovery in the hope of "finding a sustainable claim not alleged in the complaint." *Id.* at 106 (quoting S.Rep. No. 104-98, at 14 (1965), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.) Despite the fact that there were pending motions to dismiss brought by several of the defendants in *Lernout,* the complaint had survived a motion to dismiss brought by four of the defendants. The court therefore concluded that the purpose of the stay provision would not be undermined by permitting discovery to proceed against those defendants whose motions to dismiss were denied. *See id.* at 109; *see also In re Salomon Analyst Litig.,* 373 F.Supp.2d 252, 254-55 (S.D.N.Y.2005) ("The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint. In a case where the court *has* already sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2647945 (S.D.N.Y.)
**2005 WL 2647945 (S.D.N.Y.)**

simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.") (emphasis in original) (internal quotation marks and citation omitted).

**\*3** In the *Global Crossing* decision, Judge Lynch, of this Court, found the statute ambiguous, but did not resolve the ambiguity because the party seeking discovery was able to satisfy the statute's exception to the discovery stay by demonstrating that it would be unduly prejudiced if the stay was not partially lifted. *SeeGlobal Crossing,* 322 F.Supp.2d at 352-53.

Other courts do not appear to have been troubled by any ambiguity in the statute, and have concluded both that the stay applies to successive motions to dismiss, and that discovery should be stayed as to all defendants, even though motions to dismiss were filed by only some of the defendants. *See, e.g.,In re Lantronix, Inc. Sec. Litig.,* No. CV 02-03899 PA, 2003 WL 22462393, at \*2 (C.D.Cal. Sept. 26, 2003) (although lead defendant did not challenge the sufficiency of a portion of securities law violation claim, discovery stay kept in effect during pendency of other defendants' motions to dismiss and motion to dismiss by lead defendant addressed to a portion of the complaint); *Fazio v. Lehman Bros., Inc.,* Nos. 1:02CV157, 1:02CV370, 1:02CV382, 2002 WL 32121836, at \*2 (N.D.Ohio May 16, 2002) ("The reference in the statute to a stay of 'all discovery' is to be interpreted broadly. It applies even as to discovery against co-defendants who have not filed motions to dismiss."); *Faulkner v. Verizon Commc'n, Inc.,* 156 F.Supp.2d 384, 406 (S.D.N.Y.2001) (denying motion to lift discovery stay after motion to dismiss was granted, where plaintiff intended to file an amended complaint and defendant sought permission to move to dismiss); *CFS-Related Sec. Fraud Litig.,* 179 F.Supp.2d 1260, 1263 (N.D.Okla.2001) ("As long as any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays 'all discov-

ery,' even discovery against answering, non-moving defendants."); *S. Pac. Funding Corp. Sec. Litig.,* 83 F.Supp.2d 1172, 1175 n. 1 (D.Or.1999) (court stays discovery during pendency of third set of motions to dismiss); *Powers,* 961 F.Supp. at 236 (even after district court denied motion to dismiss in part and granted it in part, court maintained stay of discovery because defendants moved for reconsideration).

In this Court's view, there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while "any motion to dismiss" is pending, just as the statute permits "any" party to seek particularized discovery upon a showing of need. Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint. Although a court need not consider legislative history and intent when the language of a statute is unambiguous, courts have noted that one purpose of the stay provision is to prevent a plaintiff from utilizing discovery to formulate a claim. *SeeSG Cowen Sec. Corp. v. United States Dist. Court for the N. Dist. of California,* 189 F.3d 909, 912 (9th Cir.1999) ("[T]he district court granted plaintiffs leave to conduct discovery so that they might uncover facts sufficient to satisfy the Act's pleading requirements. This is not a permissible reason for lifting the discovery stay under the Act."); *Medhekar v. United States Dist. Court for the N. Dist. of California,* 99 F.3d 325, 328 (9th Cir.1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."); *AOL Time Warner, Inc. Sec. & "ERISA" Litig.,* No. 02 Civ. 5575(SWK), 2003 WL 21729842, at \*1 (S.D.N.Y. July 25, 2003) (in denying motion to lift PSLRA discovery stay, court notes: "Nor can it be assured that plaintiffs will not attempt to use the discovery materials in opposition to the recently filed motion

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2647945 (S.D.N.Y.)
**2005 WL 2647945 (S.D.N.Y.)**

[to dismiss]."); *Faulkner,* 156 F.Supp.2d at 402-03 (denying request to lift stay of discovery where sole purpose was to uncover facts to support fraud allegations in the complaint); *Tyco Int'l Ltd. Sec. Litig.,* No. 00MD1335, 2000 WL 33654141, at *5 (D.N.H. July 27, 2000) ("courts have concluded that the PSLRA does not allow plaintiffs to obtain relief from the statutory stay to discover facts necessary to satisfy the Act's heightened pleading requirements").

**\*4** Plaintiff intends to replead some of its claims, and the Court has yet to determine the sufficiency of the repleaded claims. As contemplated by the PSLRA, Plaintiff must replead its claims without the benefit of pretrial discovery. *Cf.Rampersad v. Deutsche Bank Sec. Inc.,* 381 F.Supp.2d 131, 134 (S.D.N.Y.2003) ("discovery should be permitted in securities actions only after the court has sustained the legal sufficiency of the complaint") (quoting *Faulkner,* 156 F.Supp.2d at 403).[FN2]

> FN2. The Court recognizes that substantial portions of the Complaint have been determined to be legally sufficient, thus eliminating any argument that Plaintiff has filed a frivolous lawsuit. Nevertheless, in the absence of some compelling need, the PSLRA requires that the sufficiency of all claims asserted under the federal securities laws be determined before discovery proceeds.

Nevertheless, the PSLRA's discovery stay is not absolute. The stay provision provides exceptions where there is a likelihood of undue prejudice, or a need to preserve evidence is demonstrated. Here, the Court does not perceive any risk of a loss of evidence or substantial prejudice to Plaintiff if the PSLRA discovery stay remains in effect. Plaintiff's argument, that a lift of the discovery stay is necessary to preserve evidence, no longer has force since Plaintiff sent preservation letters to ten broker-dealers, and Judge Swain granted Plaintiff permission, on September 21, 2005, to send a preservation letter to Defendant Ladenburg Thalmann.

*Trump Hotel S'holder Derivative Litig.,* 1997 WL 442135, at *2 (denying the plaintiff's motion for lift of PSLRA stay, but granting order to preserve documents). Unlike other cases where a PSLRA stay has been lifted, Plaintiff has not shown exigent circumstances that risk substantially prejudicing Plaintiff. *See e.g.,In re Global Crossing,* 322 F.Supp.2d at 352-353 (granting lift of PSLRA stay as to discovery from defendant Arthur Andersen, while other defendants' motions to dismiss remained pending, because the other motions presented distinct factual allegations and legal issues, Andersen's motion to dismiss was resolved almost entirely in favor of plaintiff, and Andersen as an entity was in the process of winding down); *In re WorldCom, Inc. Sec. Litig.,* 234 F.Supp.2d 301, 305-306 (S.D.N.Y.2002) (lifting PSLRA stay where the plaintiffs made a showing that requested documents had been produced to multiple government agencies in response to several investigations, and as the only parties that did not have the documents, plaintiffs would have been put at a disadvantage for purposes of litigation and settlement negotiations). Nor does the fact that some of the documents that Plaintiff seeks have been produced to the government justify lifting the PSLRA's automatic discovery stay. *SeeRampersad,* 381 F.Supp.2d at 133-134 (noting that there is no categorical exception to the PSLRA's discovery stay provision for information that has been provided to a government agency).

Accordingly, the Court confirms that discovery is stayed until all motions to dismiss the Second Amended Complaint have been resolved.

SO ORDERED.

S.D.N.Y.,2005.
Sedona Corp. v. Ladenburg Thalmann
Not Reported in F.Supp.2d, 2005 WL 2647945 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 1, 2008, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, and mailed via U.S. Mail, postage prepaid, a copy of the

foregoing to:

Steven J. Toll
Daniel S. Sommers
Elizabeth S. Finberg
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
*Liaison Counsel for the Class*


William C. Fredericks
Laura Gundersheim
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas, 38th Fl.
New York, NY 10019
*Co-Lead Counsel for the Class*


Michael J. Pucillo
Jay W. Eng
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
Esperante Building
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
*Co-Lead Counsel for the Class*


Robert D. Klausner
KLAUSNER & KAUFMAN, PA
10059 N.W. 1st Court
Plantation, FL 33324
*Additional Counsel for the City of Miami*
*General Employees' & Sanitation Employees'*
*Retirement Trust*

John C. Millian
Matthew R. Estabrook
Elise Kochtitzky-Jacques
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036


                    /s/ Jon M. Talotta
Jon M. Talotta
HOGAN & HARTSON, LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
Telephone:   (703) 610-6100
Facsimile:    (703) 610-6200
E-mail: jmtalotta@hhlaw.com

2